FILED
2023 Sep-29  PM 01:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

Thomas Martin, Sr.
Jennifer Vandiver
Martin Minor Child "K"
Martin Minor Child "Z"
Thomas Martin, Jr.
Thomas Martin, Jr. Minor Child "C"
P.O. Box 604
Leighton, AL 35646
(256) 483-8991

FILED

2023 SEP 29 P 1: 07

U.S. DISTRICT COURT
N.D. OF ALABAMA

Plaintiffs in pro per

# DISTRICT COURT OF THE UNITED STATES OF AMERICA
## FOR THE NORTHERN DISTRICT OF ALABAMA
### FLORENCE DIVISION

| | |
|---|---|
| Thomas Martin, Sr., Jennifer Vandiver; Martin Minor Child "K",; Martin Minor Child "Z", Thomas Martin, Jr., Thomas Martin, Jr. Minor Child "C", §§§§§ | CASE NO: _____ |
| Plaintiffs, | Verified Complaint for Damages for: |

v.

Frank Williamson individually and in his official capacity; Bryce Graham, Jr. individually and in his official capacity;  Angela Hulsey individually and in her official capacity; Curtis Burns individually and in his official capacity; Bradley Skipworth individually and in his official capacity;   Jacqueline Hatcher individually and in her official capacity; Paula McDowell individually and in her official capacity; Benjamin Theron "B.T." Gardner individually and in his official capacity; Jeffery Barksdale individually and in his official capacity;  Joseph "Joey" Rushing individually and in his official capacity; Shannon Oliver individually and in his official capacity; Jason Holcomb individually and in his official capacity; Jordan Seahorn individually and in his official capacity; Clint Holcombe individually and in his official capacity; Brian Paul Hamilton individually and in his official capacity; Nathan Johnson individually and in his

1. Violation of Civil Rights: Violations of 1st Amendment, 4th Amendment, Malicious Prosecution, Aidding & Abetting Fraud, Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986

2.  Violation of Civil Rights: Violations of 5th, 6th, 7th Amendments, Violations under color, Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986

3. Violation of Civil Rights: Violations of 8th Amendments, Violations under color, Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§

official capacity; John McReynolds individually and in his official capacity; Eddie Beason individually and in his official capacity; Chris Howell, individually and in his official capacity; and DOES 1 through 100, inclusive,

Defendants

a

§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343,
§ 1621, 1622, 1623, 1951-1964 (RICO);
§ Title 28 U.S.C. § 1343(a)(1)(2)(3)(4);
§ Title 31 U.S.C. § 3729; and Title 42
§ U.S.C. §§ 1981, 1983, 1985(c), 1986
§
§ 4. Violations of Civil Rights. Claim Against
§ Supervisory Defendant in Individual
§ Capacity: Title 15 U.S.C. §§ 1-7; Title 18
§ U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001,
§ 1341, 1343, 1621, 1622, 1623, 1951-1964
§ (RICO); Title 28 U.S.C. § 1343(a)(1)(2)
§ (3)(4); Title 31 U.S.C. § 3729; and Title
§ 42 U.S.C. §§ 1981, 1983, 1985(c), 1986
§
§ 5. Violation of Civil Rights: Violations of
§ 14th Amendments. Violations under color.
§ Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§
§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343,
§ 1621, 1622, 1623, 1951-1964 (RICO);
§ Title 28 U.S.C. § 1343(a)(1)(2)(3)(4);
§ Title 31 U.S.C. § 3729; and Title 42
§ U.S.C. §§ 1981, 1983, 1985(c), 1986
§
§ 6. Violation of Civil Rights: Aiding &
§ Abetting. Fraud. Perjury. Theft. Destruction
§ or Alteration of Records. False Declarations.
§ Emotional Distriess. ConcealmentViolations
§ under color. Title 15 U.S.C. §§ 1-7; Title
§ 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001,
§ 1341, 1343, 1621, 1622, 1623, 1951-1964
§ (RICO); Title 28 U.S.C. § 1343(a)(1)(2)
§ (3)(4); Title 31 U.S.C. § 3729; and Title
§ 42 U.S.C. §§ 1981, 1983, 1985(c), 1986
§
§ 7. Violation of Civil Rights: Racketeering
§ and Interference with Commerce. Fraud.
§ Civil Conspiracy. Kidnapping. Extortion.
§ Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§
§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343,
§ 1621, 1622, 1623, 1951-1964 (RICO);
§ Title 28 U.S.C. § 1343(a)(1)(2)(3)(4);
§ Title 31 U.S.C. § 3729; and Title 42
§ U.S.C. §§ 1981, 1983, 1985(c), 1986
§

---

Verified Complaint for Damages

§
§  8. Violation of Civil Rights: Violations of
§  5th Amendment, Racketeering  Fraud, Civil
§  Conspiracy, Kidnapping, Extortion, Title 15
§  U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4,
§  241, 242, 666, 1001, 1341, 1343, 1621,
§  1622, 1623, 1951-1964 (RICO); Title 28
§  U.S.C. § 1343(a)(1)(2)(3)(4); Title 31
§  U.S.C. § 3729; and Title 42 U.S.C. §§
§  1981, 1983, 1985(c), 1986
§
§  9. Violation of Civil Rights: False Claims,
§  Racketeering,  Fraud, Civil Conspiracy,
§  Kidnapping, Extortion, Title 15 U.S.C. §§
§  1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242,
§  666, 1001, 1341, 1343, 1621, 1622, 1623,
§  1951-1964 (RICO); Title 28 U.S.C. §
§  1343(a)(1)(2)(3)(4); Title 31 U.S.C. §
§  3729; and Title 42 U.S.C. §§ 1981, 1983,
§  1985(c), 1986
§
§  10. Violation of Civil Rights: Violations of
§  6th Amendment, Racketeering  Aiding &
§  Abetting, Fraud, Civil Conspiracy,
§  Kidnapping, Extortion, Denial of Intangible
§  Right To Honest Services, Perjury: Title 15
§  U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4,
§  241, 242, 666, 1001, 1341, 1343, 1621,
§  1622, 1623, 1951-1964 (RICO); Title 28
§  U.S.C. § 1343(a)(1)(2)(3)(4); Title 31
§  U.S.C. § 3729; and Title 42 U.S.C. §§
§  1981, 1983, 1985(c), 1986
§
§  11. Violation of Civil Rights: Violations of
§  6th Amendment, Concealment & Unjust
§  Enrichment, Racketeering  Aiding &
§  Abetting, Fraud, Civil Conspiracy,
§  Kidnapping, Extortion, Denial of Intangible
§  Right To Honest Services, Perjury: Title 15
§  U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4,
§  241, 242, 666, 1001, 1341, 1343, 1621,
§  1622, 1623, 1951-1964 (RICO); Title 28
§  U.S.C. § 1343(a)(1)(2)(3)(4); Title 31
§  U.S.C. § 3729; and Title 42 U.S.C. §§
§

§   1981, 1983, 1985(c), 1986
§
§   12. Violation of Civil Rights: Fraud on the
§   Public, Racketeering Aiding & Abetting,
§   Fraud, False Claims, Civil Conspiracy,
§   Kidnapping, Extortion, Denial of Intangible
§   Right To Honest Services, Perjury: Title 15
§   U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4,
§   241, 242, 666, 1001, 1341, 1343, 1621,
§   1622, 1623, 1951-1964 (RICO); Title 28
§   U.S.C. § 1343(a)(1)(2)(3)(4); Title 31
§   U.S.C. § 3729; and Title 42 U.S.C. §§
§   1981, 1983, 1985(c), 1986
§
§   13. Violation of Civil Rights: Treason,
§   Racketeering Aiding & Abetting, Fraud,
§   Civil Conspiracy, Kidnapping, Extortion,
§   Denial of Intangible Rigth To Honest
§   Services, Perjury: Title 15 U.S.C. §§ 1-7;
§   Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666,
§   1001, 1341, 1343, 1621, 1622, 1623,
§   1951-1964 (RICO); Title 28 U.S.C. §
§   1343(a)(1)(2)(3)(4); Title 31 U.S.C. §
§   3729; and Title 42 U.S.C. §§ 1981, 1983,
§   1985(c), 1986
§
§   DEMAND FOR JURY TRIAL
§

## JURISDICTION AND VENUE

1.    The United States District Court for the Northern District of Alabama, Florence Division, has original jurisdiction over Plaintiffs' constitutional claims pursuant to 28 U.S.C. §§ 1331, 1343, Title 42 U.S.C. §§ 1983 and 1985(3), Title 18 U.S.C. § 1964(c), and has supplemental jurisdiction over Plaintiffs' state law claims. The United States District Court for the Northern District of Alabama, Florence Division, also has original jurisdiction over these Defendants for violating state and federal programs/agencies directly or indirectly receiving federal funds, and for violating Plaintiffs' civil and unalienable rights secured by Constitutions of the United States of America, the Constitution for state

Verified Complaint for Damages                                    pg. 4 of 121

of Alabama, and by Acts of Congress, including but not limited to Title 15 U.S.C. §§ 1 – 7, Title 18 U.S.C. §§ 1001, 1343, 1346, 1621, 1622, 1623, 1951-1952, 1964 (civil remedies), civil rights violations under Title 42 U.S.C. Civil Rights §§ 1981, 1983, 1985(3), 1986 and 1988, which provide civil remedies authorized by law to redress the deprivation of rights under color of law, statute, regulation, custom and usage of action proper under Title 28 U.S.C. §§ 1331, 1343(a) (1, 2, 3 and 4), 1334, 1391(b), 1746, 2409(a); and for county and state Defendants violating their Oaths.

2.     This Court also has jurisdiction regarding the administrative adjudication process of all causes of action – criminal and civil.  This court has personal jurisdiction over all parties who are located in this state.  Venue is proper pursuanct to 28 U.S.C. § 1391(b) because the events giving rise to the allegations in this complaint occurred in this district.

3.     This Court has jurisdiction over this action based on the grounds that Defendants wrongfully, unlawfully and through acts under color of state and federal law, denied and deprived Plaintiffs of their basic rights to life, liberty, and the pursuit of happiness.  Under color of law, Defendants engaged in racketeering, aiding and abetting, conspiracy, criminal trespass, robbery, illegal search and seizure, intentional child abuse, kidnapping, false imprisonment, corruption, stole Plaintiffs property, intentionally vandalized and damaged Plaintiff Thomas Martin, Jr.'s home and property located at 133 Billy Boy Lane, intentionally vandalized and destroyed Plaintiff "Minor Child C's" bedroom furniture, pictures, picture frames, and ALL her toys, impounded Plaintiff Thomas Martin, Jr.'s silver Buick with no order, continue to hold the Buick in impound for ransom (extortion); fabricated official documents and criminal cases against both Plaintiff Thomas Martin, Sr. and Thomas Martin Jr., discrimination, hate crime and campaign of hate against Plaintiff Thomas Martin, Sr., supported, aided, and abetted the wrongful abduction and kidnapping of Thomas Martin Jr.'s Minor Child "C", wrongfully arrested Thomas Martin, Jr., intentionally illegally transported Thomas Martin, Jr. from Colbert County, AL to Franklin County, AL in direct violation of lawful procedures codified

and mandated by the Alabama Legislature, wrongfully detained Thomas Martin, Jr. in the Franklin County Jail for over 9 (NINE) months with NO ARREST Warrant, with no official charges against him for over 9 (NINE) months, with no arraignment for over 1 year, continue to detain Thomas Martin, Jr. in the Franklin County Jail with no trial, for 5 years intentionally denying him his 6th Amendment protections of a "Speedy Trial", wrongfully arrested Thomas Martin, Sr., forced Thomas Martin, Sr. to spend time in the Franklin County jail, forced Thomas Martin, Sr. to appear at numerous court hearings at great financial cost, damaged his reputation, intentionally and knowingly interfered with Thomas Sr.'s ability to fulfill interstate contracts and thereby make a living, intentionally and knowingly terrified/abused Minor Child "K", Minor Child "Z", and Jennifer Vandiver, and ultimately dismissed all charges against Thomas SR. During the RAID of Thomas Sr.'s home, Defendants terrified and abused two minor children "K" and "Z", and terrified Thomas Sr.'s wife, Jennifer Vandiver. With NO Warrant, Defendants RAIDED Thomas Jr.'s home, vandalized his home and property, destroyed his furniture, upended his refrigerator, washing machine and dryer, destroyed his little daughter "C's" bedroom furniture and destoyed all her toys. Plaintiffs contend that each of the Defendants, who are or were TAXPAYER PAID employees, acted - under color of law - knowingly, intentionally, deliberately, maliciously, recklessly, or without limitation, in continuous violation of Plaintiffs' due process rights secured by the 1st, 4th, 5th, 6th, 7th, 8th and 14th Amendments of the United States Constitution, Title 42 U.S.C. §§ 1981, 1983, 1985(3), 1986. The actions of Defendants are ongoing, continuous and continuing. Acting under color-of-law Defendants conspired with each other, aided and abetted each other to conduct county and state facilities (sheriff station, courthouse, jail) as a racketeering enterprise. Defendants' acts occurred within ten years, which gives Plaintiffs standing under RICO as said acts are well within the statute of limitations for RICO.

## JURY DEMAND, 7th AMENDMENT, F.R.C.P. RULE 38

4.  Plaintiffs hereby demand the right of jury trial with an **Article III Judge** presiding over all substantive and procedural due process. In accordance with Title 28 U.S.C. §§ 636(c) and 636(c)(2) Plaintiffs hereby voluntarily withhold their consent - without adverse substantive consequences - and give their **Notice of Objection to a Magistrate judge** presiding over any aspect of this proceeding.

5.  Plaintiffs hereby give Notice that F.R.C.P. Rule 7(a) requires compliance with Rule 8b, and Rule 26 will be mandatory and Plaintiffs will seek Rule 37 sanctions for failure to comply at the Rule 16(b) mandatory pretrial hearing before the **Article III judicial officer** assigned hereto pursuant to the commands of Rule 1: just, speedy and inexpensive.

## PARTIES, RULE 17

6.  Plaintiff Thomas Martin, SR. is an American States citizen, has undisputed rights protected by the U.S. Constitution and Alabama State Constitution. He can be served at P.O. Box 604, Leighton, AL 35646.

7.  Plaintiff Jennifer Vandiver is an American States citizen, has undisputed rights protected by the U.S. Constitution and Alabama State Constitution. She can be served at P.O. Box 604, Leighton, AL 35646

8.  Plaintiff Martin Minor Child "K"is an American States citizen, has undisputed rights protected by the U.S. Constitution and Alabama State Constitution.

9.  Plaintiff Martin Minor Child "Z" is an American States citizen, has undisputed rights protected by the U.S. Constitution and Alabama State Constitution.

10.  Plaintiff Thomas Martin, JR. is an American States citizen, has undisputed rights protected by the U.S. Constitution and Alabama State Constitution. He can be served at P.O. Box 604, Leighton, AL 35646.

11. Plaintiff Thomas Martin JR.s' Minor Child "C" is an American States citizen, she is the granddaughter of Thomas Martin, SR., and has undisputed rights protected by the U.S. Constitution and Alabama State Constitution.

12. Defendant Frank Williamson is hereby sued in his individual and official capacity doing business from Colbert County Sheriffs Department, 201 N. Main Street, Tuscumbia, AL 35674. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

00. Defendant Curtis Burns is hereby sued in his individual and official capacity doing business from Colbert County Sheriffs Department, 201 N. Main Street, Tuscumbia, AL 35674. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

13. Defendant Bradley Skipworth is hereby sued in his individual and official capacity toing business from Colbert County Sheriffs Department, 201 N. Main Street, Tuscumbia, AL 35674. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

13. Defendant Bryce Graham, Jr. is hereby sued in his individual and official capacity doing business from Colbert County District Attorney's office, 201 N. Main Street, Tuscumbia, AL 35674. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

14. Defendant Angela Hulsey is hereby sued in her individual and official capacity doing business from Colbert County District Attorney's office, 201 N. Main Street, Tuscumbia, AL 35674. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

15. Defendant Jacqueline M. Hatcher is hereby sued in her individual and official capacity doing business from Colbert County Circuit Court, 201 N. Main Street, Tuscumbia, AL 35674. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

18. Defendant Benjamin Theron "B.T." Gardner is hereby sued in his individual and official capacity doing business from 505 N. Main Street, Tuscumbia, AL 35674. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

19. Defendant Jeffery Barksdale is hereby sued in his individual and official capacity doing business from Franklin County District Attorneys office, 410 N. Jackson Avenue #204, Russellville, AL 35653. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

19. Defendant Joseph "Joey" Rushing is hereby sued in his individual and official capacity doing business from Franklin County District Attorneys office, 410 N. Jackson Avenue #204, Russellville, AL 35653. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

20. Defendant Shannon Oliver is hereby sued in his individual and official capacity doing business from Franklin County Sheriffs office, 748 Walnut Gate Road, Russellville, AL 35654. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

00. Defendant Jason Holcomb is hereby sued in his individual and official capacity doing business from Franklin County Sheriffs office, 748 Walnut Gate Road, Russellville, AL 35654. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

21. Defendant Jordan Seahorn is hereby sued in his individual and official capacity doing business from Franklin County Sheriffs office, 748 Walnut Gate Road, Russellville, AL 35654. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

00. Defendant Clint Holcombe is hereby sued in his individual and official capacity doing business from Franklin County Sheriffs office, 748 Walnut Gate Road, Russellville, AL 35654. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

22. Defendant Brian Paul Hamilton is hereby sued in his individual and official capacity doing business from Franklin County Circuit Court, 410 N. Jackson Avenue, Russellville, AL 35653. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

16. Defendant Paula McDowell is hereby sued in her individual and official capacity doing

business from Franklin County District Court, 401 N. Jackson Avenue, Russellville, AL 35653. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

23.   Defendant Nathan Johnson is hereby sued in his individual and official capacity doing business from 909 East 2nd Street, Sheffield, AL 35660. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

24.   Defendant John Andrew McReynolds IV,  is hereby sued in his individual and official capacity doing business from 303 North Jackson Street,  Russellville, AL 35653. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

25.   Defendant Eddie Beason is hereby sued in his individual and official capacity doing business from McDowell, Beason & Hamilton Pc, 507 N. Jackson Avenue, Russellville, AL 35653. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

26.   Defendant Christopher Howell  is hereby sued in his individual and official capacity doing business from AL 35653. At all times relevant hereto he acted in concert with the other Defendants and under color of law.

00.   Defendant DOES 1 through 100, inclusive.

## PRELIMINARY STATEMENT

3.   This action stems from the lawless conduct of law enforcement and officials - acting under color-of-law, in both Colbert and Franklin Counties.  This action is based in the unlawful, wrongful conduct of government employees on February 12, 2019.  Attempting to cover-up their unlawful, wrongful conduct on February 12, 2019  - which was in direct violation of protections and guarantees of the Constitution for the United States of America, the Alabama State Constitution, and federal and state law, Defendant Bryce Graham, Jr. initiated a case in Colbert County against Plaintiff Thomas Martin, SR. which Graham ultimatly voluntarily dismissed without explanation, and Defendant Joseph

"Joey" Rushing initiated a case in Franklin County against Plaintiff Thomas Martin, JR. which is subject to resolution.

This action seeks money damages as well as permanent injunctive relief to permanently restrain Defendants from intentionally denying these Plaintiffs as well as the citizens of Colbert and Franklin County Alabama of their constitutionally protected rights and to provide the Plaintiffs and citizens of these communities the Honest Services and lawful conduct these Defendants are hired and PAID by the TAXPAYERS to provide. An injunction is sought as a result of finding several similar cases in which citizens of Colbert and Franklin Counties have been intentionally denied their rights, protections and guarantees, by actions of these same Defendants under color of law.

At all times acting under color of state and federal law, Defendants wrongfully, unlawfully denied Plaintiffs' rights protected by the 4th, 5th, 6th, 7th, 8th, and 14th Amendments to the U.S. Constitution, the Alabama State Constitution, and federal and state laws. Defendants wrongful, malicious, unlawful, and unjustifiable actions are the proximate cause of injury and harm to these Plaintiffs. Defendants intentionally interfered with Plaintiff Thomas Martin SR.'s business relations, denying Plaintiffs' right to property and business relationships, which are actionable under RICO - Title 18 U.S.C. § 1961. 1962(c). 1964(c). Defendants engaged in serious denial and violation of Plaintiff's Civil Rights protections, actionable under Title 18 U.S.C. § 1983, federal and state law: racketeering, aiding and abetting, conspiracy, criminal trespass, illegal search and seizure, intentional child abuse, aiding abduction and kidnapping, false imprisonment, corruption, robbery, stole Plaintiffs' property, intentionally vandalized and destroyed Plaintiff Thomas Martin, Jr.'s home and property located at 133 Billy Boy Lane absent any warrant of any kind, intentionally vandalized and destroyed Plaintiff Martin Minor Child "C's" bedroom furniture, pictures, picture frames, and ALL her toys, impounded Plaintiff Thomas Martin, Jr.'s silver Buick, continue to hold the Buick in impound for ransom (extortion); fabricated and falsified official documents, fabricated criminal cases against both Plaintiff Thomas

Martin, Sr. and Plaintiff Thomas Martin Jr., presented fabricated and falsified documents to the Grand Jury to obtain indictments, discrimination, hate crime and campaign of hate against Plaintiff Thomas Martin, SR., supported and aided the wrongful abduction and kidnapping of Thomas Martin JR.'s Minor Child "C", wrongfully arrested Thomas Martin, JR., intentionally illegally transported Thomas Martin, JR. from Colbert County, AL to Franklin County, AL in direct violation of mandated and codified lawful procedures of Alabama Code §§ 15-10-70, 15-10-71, 15-10-72, continue to detain Thomas Martin, JR. in the Franklin County Jail with no trial for over 5 years intentionally denying him his 6th Amendment protections of a "Speedy Trial", upon recent challge by Plaintiffs for the wrongful detainment of Thomas Martin Jr. through Federal Habeas Petition these Defendants moved Thomas Martin Jr. from the Franklin County Jail to the Lauderdale County Jail where they have intentionally denied him any of his personal belongings, court papers and documents, money on his books, and his ability to make phone calls to his family, wrongfully arrested Thomas Martin, SR., forced Thomas Martin, SR. to spend time in the Franklin County jail, forced Thomas Martin SR. to obtain a Bond, forced Thomas Martin, SR. to appear at numerous court hearings at great financial cost, damaged his reputation, denied Thomas Martin SR. his ability to fulfill contracts for work ultimately interfering with his ability to produce and income for his family, and the ultimately voluntarily dismissed all charges against him. Plaintiffs contend that each of the Defendants, who are TAXPAYER PAID employees, acted wrongly, knowingly, intentionally, deliberately, maliciously, recklessly, unlawfully and without limitation, in continuous violation of Plaintiffs' due process rights secured by the 1st, 4th, 5th, 6th, 7th, 8th and 14th Amendments to the United States Constitution, Title 42 U.S.C. §§ 1981, 1983, 1985(3), 1986. The actions of Defendants are ongoing, continuous and continuing. Acting under color-of-law Defendants conspired with each other, aided and abetted each other to conduct county and state facilities (sheriff station, courthouse, jail) as a racketeering enterprise. Defendants' acts occurred within ten years, which gives Plaintiffs standing under § 1983 RICO violations as said acts are well

within the statute of limitations for RICO.

## STATEMENT OF THE CASE

00.  This case is founded in the intentional denial and deprivation of Plaintiffs' Constitutional protections and guarantees afforded in the 4th, 5th, 6th, 7th, 8th, and 14th Amendments to the Constitution for the united States accomplished through Defendants acting under color of law, and completely outside the limitations and scope of their authority. Plaintiffs each have clearly established rights protected and guaranteed by these Amendments.  Defendants accomplished their lawless deeds against Plaintiffs through lying, deceit, falsification and fabrication of official documents, and abuse of power - among other things, all done under color of law.  Lying is the most common, basic form of deception - stating something known to be untrue with the intent to deceive.  Black's Law Dictionary states that "Fraud" is any activity that relies on deception (lying) in order to achieve a gain. Fraud becomes a crime when it is a "knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment."

The "But For" test is used to ask the question, "but for the existence of X, would Y have occurred?"  Thus, just some of the basic questions to be asked in this case are: Would the injury, denial, and deprivation of Plaintiffs' Constitutionally protected rights, criminal trespass, unlawful and unreasonable search and seizure of two separate home locations on separate properties on different roads with no warrant, intentional vandalism and damaging of the home and property located at 133 Billy Boy Lane, the abuse of a minor child by law enforcement, wrongful arrest, wrongful incarceration, all have happened, BUT FOR the intentional corrupt, reckless, out-of-control conduct of Defendants acting under color of state and federal law?  Would the malicious prosecution engaged in by Defendants Graham Jr., Rushing, Hulsey, Hatcher, and Gardner, acting under color of state law, have ever occurred? Would Thomas JR. have been held in the Franklin County Jail for over 4 years, in intentional and gross violation of his 6th Amendment right to a "Speedy Trial?"  Would minor child

Verified Complaint for Damages                                           pg. 13 of 121

"K" and "Z" have suffered documented emotional issues, nightmares, cutting, and other emotional trauma as a result of Defendant Skipworth's abuse, as he acted under color of law, while Defendants Holcomb, Seahorn, Holcombe, Williamson, and other as yet unidentified law enforcement, simply stood by and watched? Would minor child "C" have suffered having her toys destroyed, her furniture being destroyed, being removed from her home and forced to live with her aunt, and being denied her father's care, society, companionship, attention, protection, training, advice, moral training, instruction, attention, and guidance for over 4 years?

## I.  The Warrant... and NO Warrant:

The Supreme Court has stated that "depending on the circumstances of the particular case, a warrant may be so facially deficient . . . that the executing officers cannot reasonably presume it to be valid." _United States_ v. Leon, 468 U. S., at 923.

00.  Earlier in the afternoon of February 12, 2019, Defendant Bradley Skipworth - a Colbert County Sheriff Deputy acting under color of law -  arrested Thomas Martin, JR. at a convenience store in Colbert County. He immediately called his friends Defendants Holcomb, Seahorn, and Holcombe - Sheriff Deputies of Franklin County - and told them he had Thomas JR. in custody and to come and get him.

00.  In direct denial of the Legislature's mandated procedure for the lawful transfer of prisoners from one Alabama county to another - codified by the Legislature in Alabama Code §§§ 15-10-70, 15-10-71, 15-10-72,  Defendants Holcomb, Seahorn, Holcombe, and others arrived and transported Thomas JR. out of Colbert County to the Franklin County Jail, where he has been forced remain ever since, in denial of his 6th Amendment right to a "Speedy Trial.".

00.  At 10:14 a.m. of the same day, Defendant Seahorn - a Franklin County Sheriff Sergeant - applied to the Colbert County District Court for a Search Warrant naming Thomas Allen Martin, JR (JUNIOR) as the Defendant. The Search Warrant mimics the statement of Seahorn in his "Application

For Search Warrant," and describes the **property** to be SEARCHED for as: Thomas Allen Martin, JR (**JUNIOR**), 22 Caliber Pistol, Buick Park Ave VIN#____, any other evidence related to the crime of murder. The Search Warrant's Description of the place, premises and/or vehicle to be searched as: 6615 Lagrange Rd, Leighton, AL... the residence/single wide trailers on property/sheds and out buildings/vehicles/wooded area property. The Search Warrant is signed by Defendant Judge Jacqueline Hatcher.

00. Late in the afternoon, of the same day, (approximately4:00 p.m. - 5:00 p.m.) Defendant Frank Williamson - Sheriff of Colbert County - along with Defendants Colbert County Deputy Bradley Skipworth, Franklin County Lt. Jason Holcomb, Sgt. Jordan Seahorn, Sgt. Clint Holcombe, and other as yet unidentified law enforcement, converged upon Plaintiff Thomas SR's home, located at 6615 LaGrange Road, based upon the invalid Search Warrant signed at 10:14 a.m. that morning. This Warrant is NOT valid as Thomas JR.'s address is 133 Billy Boy Lane, which is roughly 1/4 mile up Billy Boy Lane from the 6615 LaGrange Road address. These Defendants KNEW that Thomas JR. had ALREADY been detained in the Franklin County Jail, AND they KNEW that the Buick Park Avenue was ALREADY in impound. Defendants have a duty to have a Search Warrant corrected BEFORE proceeding with a Warrant that is NOT factual - which they FAILED to do.

00. It MUST be noted that Defendant Colbert County Sheriff Frank Williamson was - at all times - the LEAD RANKING OFFICER ON SIGHT overseeing and **participating** in both the illegal RAID of Thomas SR.'s home at 6615 LaGrange Road, and the totally UNWARRANTED RAID, vandalism, and destruction of Thomas JR.'s home at 133 Billy Boy Lane. At Any time, Defendant Frank Williamson - operating under color-of-law - could have STOPPED all the ILLEGAL conduct of his Colbert County deputies and the participating Franklin County deputies, but instead he opted to personally participate in the RAIDS.

It MUST also be noted that Defendant Frank Williamson and Defendant Bradley Skipworth, both of whom operate out of the Colbert County Sheriff office - personally KNOW who Thomas SR. and Thomas JR. are. Defendants Williamson and Skipworth have previously personally been to both Thomas SR.'s "stick built" home located at 6615 LaGrange Road and Thomas JR's "single-wide mobile home" located at 133 Billy Boy Lane, so they BOTH KNOW that Thomas JR. does NOT reside at 6615 LaGrange Road. By Defendants Williamson and Skipworth's personal knowledge that 6615 was NOT the residence of Thomas JR. - who is the "named" person on the face of the Search Warrant - Williamson and Skipworth had a DUTY to have the WARRANT corrected BEFORE conducting ANY Search of either residence. BOTH Defendant Sheriff Williamson and Defendant Sergeant Skipworth are experienced law enforcement officers - they are NOT rookies, so they KNOW that Warrants MUST provide truthful information BEFORE they can be considered VALID. Williamson and Skipworth FAILED to have the Warrant CORRECTED BEFORE they conducted their knowing and wrongful INVASION and RAID of Plaintiff Thomas SR.'s home at 6615 LaGrange Road.

00.    Under color-of-law, **Franklin County** Defendants Holcomb and Seahorn barged through the front door of Thomas SR's home unannounced, in plain clothes, and terrifying Plaintiff Jennifer Vandiver who was cooking dinner, Minor Child "K" who was quietly doing her homework sitting on the living room couch, and Minor Child "Z"who was at the back of the living room - Thomas SR. was in the next room starting a fire in the woodstove. Under color-of-law **Colbert County** Defendant Skipworth, in plain clothes, bulled his way into the center of the living room, pushing Defendants Holcomb and Seahorn aside, and loudly yelled, "Where's the dope?!... Where's the dope?!" There is NOTHING in the invalid Warrant stating these Defendants are to search for "dope" or any kind of drugs. Nothing on the face of the invalid warrant or the Application states anything about searching for "dope." In direct violation of constitutional protections and laws, at no time was a copy of the Warrant with the required attached Application, given to Thomas SR. or Jennifer Vandiver, as required by law..

At no time did Thomas SR., or his wife Jennifer Vandiver give consent to these officers to be inside their house or to be present on their property, nor did they give any consent for these men to conduct any search and seizure of their home and property at 6615 LaGrange Road.

Minor Child "Z" - a very young teenager - was standing at the back of the room, terrified. Minor Child "K" - a very small 12 year old girl - had been quietly sitting on the couch doing her homework, while Jennifer was cooking dinner and Thomas SR. was lighting a fire in the woodstove in the adjoining room. Upon seeing these huge men crash into her home, with no announcement who they were and no uniforms to indicate they were any kind of authority figure, "K" immediately started frantically screaming and loudly crying as a result of being terrified by these - in her eyes - huge men who had just barged into her home and started yelling. Defendant Skipworth moved to stand his hulking body directly over "K" and very loudly and gruffly commanded "K" to "SIT DOWN! and SHUT UP!!" "K" is a very tiny little girl and was shaking, screaming, and sobbing - trying to get to her mother. Skipworth lowered his body to put his face in front of "K" and again very loudly and gruffly command "K" to, "... SIT DOWN!! AAAANNNNNDDD SHUT UP!!" with even more frightening tone and menacing body manner. Defendants Holcomb, Seahorn, Holcombe simply stood by and watched - doing nothing to correct or stop Skipworth from terrifying this little girl.

Little "K" was now a prisoner, in her own home, denied by these big men the opportunity to run to her mom. "K" was shaking, and left to sob, and whimper alone, on the couch. As a result of this totally unreasonable conduct on the part of Skipworth toward a child who was maybe 75 pounds soaking wet - and much less than 1/3 the size of Skipworth's towering frame - "K" has suffered continued nightmares and emotional trauma, which resulted in cutting behavior and other problems, addressed by mental health counselors. This out-of-control and uncaring conduct of these Defendants toward a very small little girl who is one of the citizens of their community, whom they have sworn to "protect and serve" is more than unconscionable.

00. Plaintiff Jennifer Vandiver and Plaintiff "Z" were also made "prisoners" in their own home - terrified to move, as these Defendants willfully engaged in a wrongful arrest, handcuffing Thomas SR. - **SENIOR** - who is NOT named anywhere in the INVALID Search Warrant. As Holcomb was forcing Thomas SR - now handcuffed - outside, Defendant Colbert County Sheriff Frank Williamson - who is the LEAD SUPERVISORY OFFICER on site, entered the house and began participating in the UNWARRANTED "INVASION" AND "RAID." Holcomb forced Thomas SR. to move toward the front door and outside his home while the other Defendants began to ransack it - including all rooms, closets, cupboards, drawers, and engaged in an illegal and outlawed general rummaging, with NO VALID SEARCH WARRANT to do any such thing. As Holcomb was moving Thomas SR. out of the house, Thomas SR. asked why these men were doing this. Skipworth - a Colbert County **Deputy** and the lowest ranking member of the group - loudly announced that they were there to look for Thomas JR - which is a bald, faced LIE, because he had already arrested Thomas JR. an hour or two earlier and KNEW that Thomas JR. was already in the Franklin County Jail! Thomas SR. did NOT know that Thomas JR. had been arrested earlier, and at this time NO ONE told Thomas SR. that his son was already in the Franklin County Jail. Skipworth went on to tell Thomas SR. they were there to search for a Silver Buick Park Ave. This is ANOTHER "LIE"! Skipworth KNEW that the Silver Buick had already been put in impound at the time he arrested Thomas JR.! Skipworth went on, stating they were there to search for a gun and other items which would show the crime of murder. Thomas SR. advised these Defendants several times, that Thomas JR. did NOT live at 6615 LaGrange Road - which Defendants Williamson and Skipworth ALREADY knew, but ignored. Defendant Bradley Skipworth finally sneeringly retorted back to Thomas SR, "Well... he's been here!"

00. After concluding their unlawful RAID of Thomas SRs home, these Defendants then went up the road to 133 Billy Boy Lane. Defendant Jason Holcomb forced Thomas SR. - still in hand-cuffs - to walk, in the dark, up the long winding road to 133 Billy Boy Lane.

00. Defendant Colbert County Sheriff Frank Williamson was the LEAD RANKING OFFICER **overseeing and participating** in the absolutely WARRANTLESS RAID of Thomas JR.'s home located at 133 Billy Boy Lane. Under color-of-law, these Defendants, and other as yet unidentified law enforcement, arrived at 133 Billy Boy Lane, where they willfully bashed the front door of the single wide mobile home off its hinges and began a RAID of Thomas JR's home and property **with NO WARRANT OF ANY KIND**. They had NO lawful authority to "search" **133 Billy Boy Lane**. Lead Officer and Lead Supervisor Sheriff Frank Williamson and these Defendants KNEW that Thomas JR. was ALREADY detained at the Franklin County Jail and the Buick Park Avenue was ALREADY in impound. Under color-of-law these Defendants, with Williamson as the lead PARTICIPATING officer, willfully began tearing up and breaking all the furniture, pulling every thing off the walls, destroyed pictures on the walls and busted the glass in the picture frames. These Defendants willfully turned the washer and dryer upside down, pulled the refrigerator over onto its belly, and willfully destroyed all of little Plaintiff "C's" toys, **with NO WARRANT**. As these Defendants willfully and intentionally tore up the single wide mobile home, and swarmed the property, sheds, etc. Defendant Lt. Jason Holcomb willfully forced Thomas SR. - still in hand-cuffs - to stand and watch the illegal conduct and the zealous vandalism and destruction of his son's property, forcing Thomas SR. to become an "eye-witness" to all the unlawful conduct. At no time did Thomas SR. give any of these officers any consent to be present on his son's property, to enter his son's single-wide trailer, or to conduct any search or seizure on the property located at 133 Billy Boy Lane. Obviously, Thomas JR. was ALREADY detained in the Franklin County Jail, so he did not give any consent to these Defendants to conduct a search or seizure of his home or property. These Defendants intentionally performed an INVASION and RAID of Thomas SR.'s home and property with NO VALID WARRANT, which is prohibited by law. These Defendants intentionally performed an INVASION and RAID of Thomas JR.'s home and property with NO WARRANT AT ALL, which is prohibited by law. These Defendants intentionally

denied Plaintiff Jennifer Vandiver, Plaintiff "K", and Plaintiff "Z" their right to be free from unreasonable searches and seizures, as well as denied them their liberty - which is prohibited by law.

## II.  THE AFTERMATH AFTER THE UNLAWFUL RAID OF 6615 LAGRANGE ROAD

00.  Not only did these Defendants willfully, intentionally engage in all the aforementioned unlawful and illegal conduct under color-of-law, but their actions were prohibited by law and Constitutional protections.  They intentionally denied Thomas SR., his wife Jennifer Vandiver, and his minor children "K" and "Z" the protections and guarantees of their God given rights to life, liberty, and the pursuit of happiness under the 4th, 5th, 6th, 7th, 8th, and 14th Amendments.  The unlawful conduct of these rogue Defendants intentionally inflicted serious emotional distress upon Plaintiffs Thomas SR, Jenifer Vandiver and both minor children "K" and "Z."  The unlawful, unauthorized, malicious, intentional, willful and UNWARRANTED INVASION, RAID and DESTRUCTION of Thomas JR's property located at 133 Billy Boy Lane, left Thomas SR, Jennifer Vandiver, "K" and "Z" with the job of repairing their son's single wide mobile home, cleaning up all the mess, damage and destruction - at significant cost - which was accomplished by these  Defendant's while they were acting at all times under color-of-law.

00.  As a result of this unlawful RAID of the Martin family home at 6615 LaGrange Road, Thomas SR, Jennifer Vandiver, and their minor daughters "K" and "Z" now suffer an ingrained fear and distrust for any law enforcement.  They have suffered bouts of PTSD.  "K" has forever had her life altered and has suffered through the agony of terrifying nightmares, fearing that more huge men will just barge into her house at any  time.  "Z" also has suffered as a result of the trauma of the unauthorized RAID of her home.

## III. FALSIFICATION OF DOCUMENTS, FABRICATION OF CRIMINAL CASES.

00. At the conclusion of the unlawful, unauthorized RAID of Thomas JR.'s home and property located at 133 Billy Boy Lane - without ANY WARRANT - where Thomas SR. was forced to stand and witness all the unlawful and out-of-control conduct being acted out under color-of-law, in the dark, restrained in hand-cuffs - Defendants took Thomas SR. to the Colbert County Jail and charged him with felony possession of Hydrocodone (which was actually recently prescribed for Thomas SR. by his Oral Surgeon) and marijuana - all of which they had NO WARRANT to search for! . After spending time in the Colbert County Jail; after Jennifer Vandiver put up a piece of real-property as Bond for Thomas SR.; after a long drawn out court procedure for two years, Defendant Bryce Graham, Jr. finally voluntarily, without any explanation, completely dismissed his case against Thomas Martin, SR.

Defendant Grahm fabricated his case against Thomas SR. upon the unlawful RAID of his home, the wrongful arrest of Thomas SR., and falsified documents created and submitted by Defendants Skipworth and Seahorn. Skipworth - the same hulking man who intentionally terrified the little girl "K" and who instigated the illegal transport of Thomas JR from Colbert County to Franklin County in complete violation of the lawful procedure mandated by the Legislature - again showed his propensity to LIE, when he submitted his official narrative in his **Colbert County** Drug Task Force Agents Statement which is full of false and fabricated information. Among the many falsehoods, Skipworth ADMITS having "previous contact" with Thomas SR, thereby ADMITTING he KNEW the information on the warrant was incorrect and not valid. Based on the false information he submitted in his Agents Statement, Skipworth requested an indictment for Trafficking Illegal Drugs (Hydrocodone), and Unlawful Possession of Marijuana 1st, however, the Hydrocodone Skipworth was referring to was recently PRESCRIPTION ISSUED to Thomas SR. by his Oral Surgeon for pain after an oral surgery procedure.

00.  At the conclusion of these Defendants' unlawful, illegal, unwarranted INVASION and RAID of Thomas JR.'s home and property at 133 Billy Boy Lane under color-of-law and prohibited by law, Defendant Jordan Seahorn came to **Defendant Lt. Holcomb - Seahorn's immediate Franklin County Supervisor** - and asked Holcomb if he should make out a separate Evidence/Property Receipt for the items taken from Thomas JR.'s home at 133 Billy Boy Lane.  Defendant Holcomb - who was still standing next to Thomas SR. who was still in hand-cuffs and forced to be an "eye-witness" to these events - stated, "Just add them to the Receipt for LaGrange Road... it won't matter anyway."

00.  It must be stated that Seahorn asking whether or not he should make a "SEPARATE" Evidence/Property Receipt for items being taken from 133 Billy Boy Lane clearly shows Seahorn KNEW that they had engaged in a wrongful UNWARRANTED "RAID" of 133 Billy Boy Lane. which is an action prohibited by law. It must also be stated that Holcomb's reply to Seahorn, directing him to just co-mingle the items taken from Billy Boy Lane onto the Evidence/Property Receipt for 6615 LaGrange Road clearly shows that Holcomb KNEW that they had engaged in a wrongful and unlawful UNWARRANTED "RAID" of 133 Billy Boy Lane, all of which is prohibited by law.

00.  With this permission of Holcomb, Seahorn - in concert with Defendant Skipworth's false and fabricated Colbert County Drug Taskforce Agent's Statement, Defendant Seahorn very craftily created a false and fabricated Franklin County Sheriff's Office Evidence/Property Receipt which lists items taken from both Thomas SR.'s home at 6615 LaGrange Road **AND** items taken from Thomas JR.'s home at 133 Billy Boy Lane. Defendant Sgt. Skipworth intentionally preparing and submitting his Agent's Statement containing false and fabricated information is an action prohibited by law.  Holcomb intentionally giving permission to his subordinate officer, Defendant Seahorn, to intentionally falsify the Franklin County Evidence/Property Receipt and to intentionally commingle items taken from 133 Billy Boy Lane with items taken from LaGrange Road is an action prohibited by law.  Defendant Seahorn intentionally preparing and submitting his Franklin County Evidence/Property Receipt

containing a false and fabricated listing of items - intentionally commingling items taken from 6615 LaGrange Road with items taken from 133 Billy Boy Lane - and falsely making it "APPEAR" that ALL the items listed on the Evidence/Property Receipt came from 6615 LaGrange Road is an action prohibited by law.

00. Seahorn intentionally FAILED - under color-of-law and with permission from his supervisor Lt. Jason Holcomb - to separately identify the items taken from 133 Billy Boy Lane, which is required by law. Because there was NO WARRANT authorizing ANY "search" of 133 Billy Boy Lane, if Seahorn HONESTLY identified the items which were taken from 133 Billy Boy Lane on a separate Evidence/Property Receipt, that action would document their unlawful warrantless RAID of 133 Billy Boy Lane. The **Franklin County** Evidence/Property Receipt fabricated by **Franklin County** Defendant Jordan Seahorn shows, at the bottom of the page under "Chain of Custody" that **Colbert County** Defendant Skipworth took "possession" of the "property." An HONEST "Chain of Custody" is mandated by law. Skipworth taking "possession of the property" and signing off as the next in line of Chain of Custody clearly shows Skipworth was "in on" the scheme to present FALSE and FABRICATED documents to both Defendant District Attorney Bryce Graham, JR., and Defendant District Attorney Joey Rushing, all of which is prohibited by law.

Defendant Graham presented these false, fabricated documents and his fabricated case, based on these false documents, to the Grand Jury in Colbert County to obtain an indictment against Thomas SR. The unknowing Grand Jury gave Graham his indictment, not knowing that the information Graham was presenting was falsified and fabricated by Skipworth and Seahorn, with permission granted by Defendant Lt. Holcomb. The Grand Jury was not provided with the TRUTH. The Grand Jury based their decisions on the fabricated and falsified information presented by Graham, created by Skipworth, and Seahorn - with permission of Holcomb, and obtained in direct violation of Thomas SR.'s 4th Amendment constitutionally protected rights to be free from unreasonable searches and seizures, and

not knowing that Defendant Sheriff Frank Williamson presided over and participated in the illegal INVASION and RAID as the LEAD OFFICER.

## IV.   EXTORTION ATTEMPT BY COLBERT COUNTY COURT APPOINTED DEFENSE ATTORNEY DEFENDANT B.T. GARDNER

Defendant Hatcher - Colbert County District Judge - originally appointed Defendant B.T. Gardner as Plaintiff Thomas SR's court appointed defense attorney, in open court. At that time Defendant B.T. Gardner then states to Thomas SR., "I'll be in contact with you with your next court date... but, we have to get together... I have to find out your case. Thomas SR. later meets Gardner at his office, and while there Thomas asks Gardner to give him "my Discovery... I've filed for it, wrote it out by hand, the Clerk of the court stamped it... its legal... I want my Discovery... pictures, I want video, I want audio, I want anything to do with this case... if they wrote something down on a little old pad and stuck it in their back pocket, I want that piece of paper." Gardner says, "They wont' give it to you." Thomas stated, "Is it not a law?" Gardner tries to side-step Thomas SR.'s bonafide request for the information by saying, "Well if they don't present it they can't use it against you." Thomas SR. stated, "I don't give a damn... if they use it against me or not... its MY evidence, and if it can help me, I want ALL of my Discovery." Gardner **FAILED** to give Thomas SR. ANY of the Discovery documents which Thomas SR. requested.

At the next court date, Defendant B.T. Gardner is standing in the hallway and when Thomas SR. walks up, Gardner says... "Hey, hey, hey... I need to talk to you." Gardner was as nervous as can be... and sneaky acting. Gardner led Thomas SR. and his wife Jena (Plaintiff Jennifer Vandiver - who put up her property and signed a bond for Thomas SR) - up the hallway, to a point where they were standing by the bathrooms in the court house, and he says, "Hey... now listen, they've offered you 15 years, man!" Thomas SR. said, "You have lost your mind, Dude!...!!!" Thomas SR. was so upset, he started

cussing… and then **Gardner stated to Thomas SR. and Jena, "Look man.. you're gonna have to start coughing up money!!! Freedom does NOT come Free."!!** Thomas said, "What do you mean, cough up some money?" Defendant Gardner is a court appointed defense Attorney – PAID BY THE TAXPAYERS TO "DEFEND" THOMAS SR.! Thomas SR. is NOT REQUIRED to PAY a COURT APPOINTED ATTORNEY. But, Gardner was NOT wanting Thomas SR. to PAY him … **he was wanting Thomas SR. to pay somebody to make the charges go away!**

Gardner quickly turned and headed for the Courtroom. Thomas Sr. was right on his heels saying "What do mean, cough up money, Gardner?" Everybody in the hallways heard Thomas and witnessed Gardner almost running away from Thomas SR. Gardner opened up the courtroom door and goes inside the courtroom. Thomas SR. and Jena followed right behind Gardner. **Thomas SR. says in a raised voice for all in the Courtroom to hear, "Hey Gardner, What do you mean I need to cough up money?"**

Defendant Judge Jacqueline Hatcher banged her gavel several times and says, "Quiet in **MY** Court room!" Thomas SR. and Jena sat down. When they called Thomas SR.'s name, he stood up, and Judge Hatcher said something, which Thomas SR. didn't fully hear. Thomas SR. then said, "Your Honor, I'd like to ask you... is the court not supplying my lawyer?" **Defendant Hatcher stated, "Yes, the court is supplying your lawyer." Thomas SR. then said, "Then, WHY is Gardner out there in the hallway shaking me down saying I have to cough up money?"** This threw Judge Hatcher into a tizzy. Hatcher started banging on her gavel. Gardner then says to Hatcher, "I have reason to believe, your Honor, that he is not indigent." Hatcher said, it doesn't matter we're the State, we're taking over... If there is a conflict, we can get you off the case and put another attorney on it." Defendant Hatcher's statement was "**CODE**" to Gardner to give her a reason to take him off the case. Gardner immediately said, "Yes your Honor, I need off of it." Judge Hatcher immediately looked at Judge Bill Marthaler and said "You're next in line... it is your case." Marthaler said, "Judge... I, I, I..." Judge

Jacqueline Hatcher said, "I don't want to hear any arguments... take him in the other room and find out what's going on... and come back." Judge Jacqueline Hatcher didn't take Thomas SR.'s plea at this time... Hatcher made Thomas SR. swap lawyers right then and there. Thomas SR. NEVER signed any document agreeing to the switch of lawyers, or even to accepting a lawyer. Marthaler spoke with Thomas SR. for a few moments and went back before Judge Jacqueline Hatcher and pleaded NOT GUILTY for Thomas Sr.

## V.  PLAINTIFF THOMAS SR.'S REQUESTS FOR ALL DOCUMENTATION DENIED

00.  Thomas SR. contacted the court reporter after that date and asked for a copy of that day's proceedings. The clerks REFUSED to give Thomas SR. a copy of the transcript stating, "Because it is an "ongoing case." These "clerks" and office staff, and the Court Reporter are PAID by the TAXPAYERS. As such, they are SERVANTS of the PEOPLE - the TAXPAYERS. So, a big question at this point is, Why are these TAXPAYER PAID "SERVANTS" ABLE to simply DENY Thomas SR. a copy of the proceedings in which Gardner was EXPOSED for his unconscionable conduct in attempting to EXTORT money from Thomas SR.?

This DENIAL OF THE TRANSCRIPT in which Defendant B.T. Gardner is EXPOSED for his extortion attempt is OBSTRUCTION OF JUSTICE. The next big question that MUST be asked is, "Has this exposing of B.T. Gardner's extortion attempt - **in front of witnesses in court** - been conveniently deleted from the Court Reporter's Record? Defendant Bryce Graham Jr. has FAILED to assist Thomas SR. in obtaining a copy of the Court Reporter's transcript exposing Defendant B.T. Gardner's extortion attempt. What are these Defendants hiding?

Thomas Sr. then goes to Judge Marthaler... who is now Thomas SR.'s NEW court appointed defense attorney, and meets with him. Thomas starts telling him, "Look, I want to see where these Franklin County Officers got their custody sworn in before they came to my house. I want to see the

affidavit that gave them the ability to get the search warrant... I want my Discovery." Thomas SR. banged his hand on Marthaler's desk!   Thomas SR. said, "I am sick and tired of being pushed around! by these people,... Judge!" Thomas calls Bill Marthaler "Judge" because he is Judge for the City of Muscle Shoals. Thomas says, "Judge I want you to come to my house and look at the difference between my address and my sons address, and I want to appeal to your integrity as a Judge of being Honest and upholding the United States Constitution, as a Judge and as a human being." Marthaler said, "Well, I can come out there and look but I don't know what it's gonna help." Thomas SR. sat there about two minutes studying Marthaler. Then Thomas SR. said, "Are you my lawyer, Judge??" Marthaler said, "I am." Thomas SR. said, "Do you have to pretty much do what I tell you to do?" Marthaler said, "To a certain extent, I do." Thomas SR. said, "Alright, you have to do to the fullest extent of the law...to defend me... not by what YOU BELIEVE,  BUT BY THE LAW!  TO THE FULLEST EXTENT... is that not right?" Marthaler said, "That's right." Plaintiff Thomas. SR never obtained copies of the documentation he was requesting.

Thomas SR. said, "Bring your ass to my house, and you look at this evidence (the fact that 6615 LaGrange Road is a great distance away from 133 Billy Boy Lane) or I'm taking it to somebody... and further more, when I can't see how those lawyers got their custody sworn in, I want that search warrant thrown out... once it is thrown out, the case is gone!" Thomas then stated, "If you need some other kind of ammunition, they have two different evidences from two different addresses, that they have just mingled together." Marthaler went to Thomas SR.'s home and saw for himself the **two different addresses**, the large property BETWEEN the two properties, and thus KNEW - from personal observation - the problem with the INVALID WARRANT used by Defendants Williamson, Skipworth, Holcomb, Seahorn, Holcombe, and other as yet unidentified defendants, to CRIMINALLY TRESPASS, INVADE, and RAID both Thomas SR.'s home, and Thomas JR.'s home!

00.  FINALLY, on September 29, 2021, Thomas SR. received a PNY thumb drive from a

private source which contained copies of the documents he had been requesting and demanding all along. Finally, Thomas SR. and Jennifer Vandiver were able to print out all the documents and finally DISCOVER, SEE and UNDERSTAND the extent of what the Defendants had done to them, and against them. Finally Thomas SR. and Jennifer Vandiver were able to fully understand the FRAUD - under color of law - which these Defendants used to fabricate a case against Thomas SR, and to deny Thomas Martin, SR., Jennifer Vandiver, "K" and "Z" of their Constitutionally protected and guaranteed rights against unreasonable searches and seizures, against the unreasonable conduct against the minor children "K" and "Z", the wrongful arrest of Thomas SR., and other violations, prohibited by law, committed against them by these Defendants.

## VI. DEFENDANT GRAHAM AND HULSEY FAILED TO NOTIFY THE COURT OF THE FALSIFICATION AND FABRICATION OF DOCUMENTS

Defendants Bryce Graham, Jr., Colbert County District Attorney, and Angela Hulsey, Colbert County Assistant District Attorney, FAILED to make any Statement in court to indicate that the Search Warrant "used" to unlawfully RAID 6615 LaGrange Road is bogus, unlawful, and invalid. Graham nor Hulsey made NO indication that the RAID of 6615 LaGrange Road was illegal and unlawful. Graham nor Hulsey made NO indication that there was NO WARRANT issued to authorize the out-and-out illegal criminal trespass, RAID, and intentional damage and vandalism of 133 Billy Boy Lane. Graham nor Hulsey made NO indication that the conduct of the "alleged" officers under color-of-law is prohibited by law and considered CRIMINAL. Graham and Hulsey made NO indication that Skipworth seriously ABUSED AND TERRORIZED two minor children. Graham and Hulsey made NO indication that Defendant Deputy Skipworth "intentionally" made false and fabricated statements in his Agents Statement narrative. Graham and Hulsey made NO indication that Defendant Sergeant Seahorn intentionally commingled items from the illegal WARRANTLESS RAID of 133 Billy Boy Lane and the separate illegal RAID of 6615 LaGrange Road into ONE twisted, FALSE, fabricated

Evidence/Property Receipt about 6615 LaGrange Road. Graham and Hulsey made no indication that

Defendant Holcomb gave Defendant Seahorn authorization to create and fabricate the Franklin County

Evidence/Property Receipt, in which items taken from 133 Billy Boy Lane were intentionally co-

mingled with items taken from 6615 Lagrange Raod.   Graham and Hulsey made no indication that

Defendant Skipworth took possession of the property criminally STOLEN from 133 Billy Boy Lane

AND property criminally STOLEN from 6615 Lagrange Rd. which had been  INTENTIONALLY

INTERMINGLED by Sgt. Jordan Seahorn into ONE FALSE, FABRICATED

EVIDENCE/PROPERTY RECEIPT.  Graham and Hulsey made NO indication that FALSE

information was presented to the Grand Jury.  Graham and  Hulsey made NO indication that FALSE

information was presented to Defendant Judge Jacqueline Hatcher.  Investigation has proven that this is

a COMMON PRACTICE of the Colbert County District Attorney's Office in their quest to divest the

people of Colbert County of their property, and their constitutional protections and guarantees, all done

under color-of-law..

00. At one point in the proceedings against Thomas SR., Defendant Graham, filed a Motion For

Continuance, stating:

> "The State of Alabama does not have the drug report back from the Department of
> Forensic Sciences. The State of Alabama is also awaiting a copy of a search warrant
> from Franklin County, Alabama."

In the discovery documents Thomas SR. finally received September 29, 2021, there is NO drug report

from the Department of Forensic Sciences AND there is NO copy of any search warrant from Franklin

County, although Skipworth states there is one in his Agent's Statement.  Since Defendant Graham and

Hulsey were stating they needed these documents to proceed, and asking for Continuances, Thomas

SR. once again made a formal demand for  copies of documents from Defendant Graham, in the

Official Criminal Complaint, which he filed on August 26, 2022 with Graham. Defendant Graham has

refused to respond to that formal demand.

On March 17, 2021, recorded in the ALABAMA JUDICIAL INFORMATION SYSTEM CASE ACTION SUMMARY - Defendant Judge Jacqueline Hatcher signed and electronically filed a hand-written statement which says:

**"Case dismssed, without prejudice, on Motion of the State"**

Defendant Graham simply filed a Motion with Judge Hatcher to dismiss the case. NO copy of that Motion was found in any of the court documents which Thomas SR. received. All of this fabricated case was paid for by the TAXPAYERS for two years.

00.   "BUT FOR" the illegal conduct and actions of Defendants, acting under color-of-law and prohibited by law, none of this would have happened.

## VII.   DENIAL OF THOMAS JR.'s 6TH AMENDMENT RIGHT TO A SPEEDY TRIAL

00.   Thomas JR. was placed under arrest by Defendant Bradley Skipworth, earlier in the afternoon, on February 12, 2019, and just a short time prior to all the unlawful conduct concerning the illegal INVASION and RAID of Thomas SR.'s home at 6615 LaGrange Road and the UNWARRANTED RAID, vandalism, and intentional destruction of property accomplished by Defendants at Thomas JR.'s home at 133 Billy Boy Lane. Thomas JR. was arrested by Defendant Skipworth at a Chevron convenience store in Colbert County. Instead of immediately taking Thomas JR. to Colbert County Jail as mandated procedure for eventually lawfully transporting a detainee from one Alabama county to another, Skipworth simply "rewrote" the law as he saw fit at the moment, called Defendants Holcomb, Seahorn, and Holcombe, and held Thomas JR. at the Chevron until Franklin County Defendants Holcomb, Seahorn, Holcombe, and other as yet unidentified Defendants arrived.

00.   Defendants Skipworth, Holcomb, Seahorn, and Holcombe demonstrated just how lawless

they are, as they intentionally transported Thomas JR. from Colbert County to Franklin County Jail in direct opposition and violation of the LAWFUL procedure mandated by the Legislature in Alabama Code §§ 15-10-70, 15-10-71, 15-10-72.

00. Franklin County Defendant Joey Rushing charged Thomas JR. with Capital Murder of Jason Poore on February 4, 2019, based on Skipworth's fabricated Colbert County Agents Statement. Seahorn's fabricated Franklin County Evidence/Property Receipt, and the very deficient investigation shown in the Narrative Report of Defendant Lt. Jason Holcomb.

00. Defendant Joey Rushing has continued to hold Thomas JR. in the Franklin County Jail for 4 years, in direct denial of Thomas JR.'s 6th Amendment right to a "Speedy Trial". A Petition For Writ of Habeas Corpus has been filed with Franklin County Circuit Court Judge Brian Paul Hamilton on January 17, 2023, which includes the following documents as Exhibits:

1. Official Criminal Complaint to Colbert County;

2. Official Criminal Complaint to Franklin County;

3. First Supplement to the Criminal Complaint to Franklin County;

4. Second Supplement to the Criminal Complaint to Franklin County;

5. Third Supplement to the Criminal Complaint to Franklin County.

Judge Hamilton issued an Order to Show Cause on January 23, 2023, and instructed that Thomas JR. be brought before the court to show why Thomas JR. remains in pretrial incarceration.

00. Newly Elected District Attorney Jeffery Barksdale filed a Motion For Summary Denial in response to the Petition For Writ of Habeas Corpus. In his Motion For Summary Denial, the ONLY points that Barksdale makes for denying the entire 239 page Petition For Writ of Habeas Corpus is that 1) Thomas Martin SR failed to have the "Petition" Notarized, and 2) that Thomas JR has the ability to put up $40,000. and "bond out"... both of which do NOT address the REAL CONCERN for the Petition For Writ of Habeas Corpus, and that is the intentional DENIAL of Thomas JR's Constitutionally

protected right to a "Speedy Trail". Barksdale says NOTHING about the intentional four year detainment of Thomas JR in the Franklin County JR without benefit of ANY trial. Barksdale says NOTHING about the 6th Amendment's protection and guarantee of a "Speedy Trial."

00. An intense, and ongoing, investigation of Defendant Joey Rushing's case against Thomas JR. by private parties, has shown a pattern which Rushing has been using in other cases which include both a male and female defendant. Rushing holds both parties in jail for a few months, and then offers the female a "plea deal" in which he will dismiss the murder charges against her if she provides damning testimony against the "male" defendant. Investigation has found that the "females" are young habitual drug abusers who are in and out of jail. In one recorded incident, Defendant Jason Holcomb arranged a room in the Franklin County Jail for sex encounters with the female detainee who agreed to accept a "plea deal" with Rushing.

00. Investigation has found that Defendant Holcomb provided testimony in a preliminary hearing in Thomas JR.'s case stating that Holcomb knows Thomas JR. shot Jason Poore "...from the car," because he saw blood splatter on the outside wall of the house." Stating Thomas JR. shot from "...the car" elevates the charge to a "capital" case, for which the state/county pays more money to defense attorneys, and it is believed to the District Attorney. However, the official autopsy report clearly states there was no "exit wound" from the body - that a small caliber copper jacketed bullet was lodged in Poore's spin at C-3. With "no exit wound", the bullet did NOT exit the body, so there is NO "blood spatter." Crime scene photos do show a blood stain flowing down an electrical grounding rod sticking out of the ground approximately 12 to 18 inches, but nothing which shows actual "blood spatter on the wall." Emergency medical responders moved the body prior to the arrival of any law enforcement and did not take photos before moving the body, so there is no way to document exactly how or where the victim was found or how he actually fell to the ground outside of his home.

00. As such, Defendant Holcomb provided fabricated testimony about "knowing" that Thomas

JR. shot Jason Poore because of "...blood splatter," under oath, which is not corroborated by crime scene photos or other evidence, but does line up with an agenda to elevate charges from murder to "capital" murder and eventually convict Thomas JR.

00.  Defendant Holcomb's Narrative report shows a very inadequate investigation with many serious investigation omissions. Holcomb did not attend the autopsy.  There are no statements or photos from the emergency medical team as to how they found the body and who actually moved the body. Holcomb states that law enforcement went back during the late morning the next day to search for the gun and shell casings - which were never found. A video taped interview of Brittany Barnett - who was the original suspect - was completed **AFTER** she made a "plea deal" with Defendant Rushing in exchange for the murder charges against her to be dropped.

00.  In this video taped interview, Barnett displays continuing body language indicative of deception.  No body language expert has been allowed to interview Barnett.  During her encounter with Jason Poore, Barnett was enraged to the point of using her hands to destroy the glass panels of the front door to gain a second access to Poore's home, after he put her out and locked the door.  Barnett seriously cut her hands, yet trespassed back into the home, spewing blood all over throughout the rooms, as she engaged in all out physical altercations with Poore.

00.  During our private investigation, a Diane Gargus submitted a notarized sworn Affidavit stating that Brittany Barnett voluntarily confessed to her and her friend that Thomas JR. did NOT shoot Jason Poore, and that Brittany's brother Brandon had "the gun."

00.  Without going into all the details of the case which Rushing has continued against Thomas JR., Defendant Rushing has held Thomas JR. in the Franklin County Jail in complete denial of his 6th Amendment right to a "Speedy Trial" which has been upheld by the Supreme Court in countless cases, and in complete denial of Thomas JR.'s right to a speedy trial afforded under  Art. I, § 6, Alabama

Constitution. Thomas SR., who has Power of Attorney for his son, Thomas JR, filed the Petition For

Writ of Habeas Corpus with Judge Hamilton. Quoting from that Petition:

"12.   D.A. Joey Rushing has continued to hold Thomas Martin, JR., in the Franklin County Jail, in expectation of finally **FORCING** Thomas, JR. to plea out, effectively ensuring that Thomas JR. will NOT be able to effect ANY legal action against either Franklin County or Colbert County.  As a result of this intentional and unconstitutional restraint, Thomas Jr. remains illegally restrained of his liberty by virtue of nothing more than the whim, pride, and ego of Mr. Joey Rushing.  The 6th Amendment guarantees a swift and speedy trial, **WITHOUT DELAY**, yet Mr. Rushing has completely, intentionally, and defiantly denied Thomas, Jr.s Sixth Amendment Constitutionally protected and guaranteed rights. In _Klopfer v. North Carolina_, 386 US 213, 87 S. Ct. 988, 18 L. Ed. 2d 1 - Supreme Court, 1967, the U.S. Supreme Court ruled that "the Sixth Amendment's right to a speedy trial is so fundamental that it applies to trials in state courts as well as those in federal courts." In _Strunk v. United States_, 412 US 434, 93 S. Ct. 2260, 37 L. Ed. 2d 56 - Supreme Court, 1973, the U.S. Supreme Court ruled that if the Sixth Amendment's speedy trial right is violated, then the Court must dismiss the indictment against the defendant or reverse the conviction. In _People v. Wiggins_, 31 NY 3d 1 - NY: Court of Appeals 2018, the New York Court of Appeals stated, "we conclude that defendant's constitutional right to a speedy trial was violated. **The delay was extraordinary**, and although we assume that the People acted out of good faith belief that Armstead's testimony would significantly enhance their case against defendant, their decision to pursue a strategy for Armstead's cooperation **that continued to be unsuccessful after five years cannot justify that extraordinary delay**. Although the serious nature of the charges favors the People, the lengthy period of pretrial incarceration, as well as the presumptive prejudice to defendant that resulted from the lengthy delay and pretrial incarceration, favor defendant.  Accordingly, the order of the Appellate Division should be reversed and the indictment dismissed."

13.   Although _People v Wiggins_ is a New York case, it is included to show how the prosecutor in _People v. Wiggins_ attempted to force a defendant into submission. Very similar to this case against Thomas Martin, Jr., the prosecutor in _People v. Wiggins_ pursued a strategy which ran the risk of a speedy trial violation. The prosecutor's strategy in _People v. Wiggins_ - very similar to Joey Rushing's strategy in his case against Thomas, Jr. - was to obtain cooperation, which ultimately  continued to be unsuccessful after five years.  **The Court found the delay was extraordinary**. The Court further found that although  the serious nature of the charges favored the People, **the lengthy period of pretrial incarceration, as well as the presumptive prejudice to defendant that resulted from the lengthy delay and pretrial incarceration, favored defendant.** The Court ordered the indictment dismissed."

00.  As a direct result of the unlawful and illegal actions of Defendants under color-of-law, Plaintiff Thomas JR. has suffered the unlawful INVASION of his home at 133 Billy Boy Lane, has been denied his freedom, liberty, has been wrongly imprisoned, has been denied his right to a "Speedy Trial", has been denied 5 years of his life and the opportunity to participate as a father and watch his little girl "C" grow up, has had his property intentionally trespassed with no warrant, his home invaded, RAIDED, damaged, and vandalized, and his reputation destroyed, and his future ruined.

## VIII.   THE ABDUCTION AND KIDNAPPING OF THOMAS JR.'S MINOR CHILD "C" AND DENIAL OF HER CONSTITUTIONALLY PROTECTED RIGHTS

00.  Not only have Defendants engaged in and supported the Terrorizing of minor children "K" and "Z" in Plaintiff Thomas Martin SR.'s home, these Defendants also supported the abduction and kidnapping of Thomas JR.'s little girl, "C".  The facts around the abduction and kidnapping of "C" are stated in the Official Criminal Complaint to Franklin County:

**"... KIDNAPPING OF "CHLOE" BY JENNIFER BARNETT AND RICHARD EPNETT:**
For almost two years, Thomas Martin, Jr. jumped through the hoops posed to him by the courts and DHR to obtain full custody of his daughter "Chloe" because Brittany is an UNFIT mother.  She previously lost two children fathered by Trent Price.  Thomas Jr. was finally given full custody of "Chloe" and has been an exemplary Father to her ever since, living in his mobile home, which he OWNS on Billy Boy Lane, around the corner, up the street and behind his Dad's house.  He was employed full time, and his mother, Jennifer Vandiver took care of Chloe while he was at work.

Prior to Thomas Jr. obtaining full custody of "Chloe", Brittany's mother, Jennifer Barnett and Richard Epnett lived on Richard's small monthly disability check and the government money they got for Chloe while she was in their care **BEFORE** Thomas Jr. obtained full custody from the courts.  There is NOTHING in the custody documents which states that Thomas Jr. is obligated to allow Jennifer Barnett, Richard, or Brittany ANY visitation.  However, Thomas Jr., described as a real nice guy by others, voluntarily allowed Jennifer Barnett and Richard the opportunity to spend time with Chloe.

A few days AFTER the murder of Jason Poore, and Brittany was in jail, Jennifer Barnett began to insist that Thomas Jr. allow Chloe to spend time with her and Richard. On Wednesday-Friday of the week of the murder, (02/06 – 02/08) Thomas Jr. allowed Chloe to go to Jennifer Barnett's apartment. When he went to pick her up, they were all gone. Thomas Jr., his father Thomas Martin, Sr., and his step-mom Jennifer Vandiver all went to the Franklin County Sheriff's office to report the "kidnapping" of "Chloe." The officer they talked with stated he knew where they were but needed documents showing Thomas Jr. actually had "custody" of "Chloe." Thomas Jr., Thomas Sr., and Jennifer all went home to Colbert County, Thomas Jr. got his custody papers and he and his Dad, Thomas Sr. went back to the Franklin County Sheriff's office. The same officer led them to a motel known as the Greenwood Inn, which has since been remodeled and has a new name. Thomas Jr. and Thomas Sr. were ordered by the officer to stay in the car while he and Russellville City Police retrieved "Chloe." Shortly thereafter, "Chloe" was returned to Thomas and his Dad, and they returned safely home. Incident reports will verify this.

This whole "KIDNAPPING" ordeal is NOT mentioned in Lt. Holcomb's Narrative, even though it all happened in Franklin County just days before Franklin County arrested Thomas Jr., and just days before MR. no-first-name HARBIN allegedly contacted Lt. Holcomb on 02/11/2019. Nothing is mentioned about the FACT that AFTER "Chloe" was returned to Thomas Jr. by Franklin County and Russellville City Police, "MR. no-first-name HARBIN" made threatening calls to Thomas Sr. stating that he (Mr. no-first-name Harbin) would make sure that Thomas Jr. would go to prison for a long time if Thomas Jr. did not give "Chloe" to Jennifer Barnett. WHY is THIS "NOT" mentioned in Lt. Holcomb's Narrative? This ALL clearly shows that Jennifer Barnett, Richard (who has since died), and Mr. no-first-name Harbin are NOT above committing crime to get what they want.

00. During the ongoing private investigation, an Incident Report was found in the Franklin County Sheriff Department which shows only the date, Thomas JR.'s name and the address of the Sheriffs Department. Nothing is filled out so there is no written record of officers assisting Thomas JR. in retrieving his little girl "C". There is only this document, and the date which all this transpired and "C' was given back to Thomas JR.

00. Not only has what has happened to little "C" been intentionally suppressed in the Indcident Report, she has been denied her 4th Amendment rights to be protected from unreasonable searches and

seizures, as well as her right to life, liberty, and the pursuit of happiness. During the unlawful

INVASION and RAID of her home at 133 Billy Boy Lane, her toys and furniture in her room were

intentionally destroyed by Defendants. She has been denied the company and companionship of her

father based on Defendants lies, deceit, and fabrication of a case against her father, Thomas JR, under

color-of-law. Although "C" is only a little child, she has been made a victim of the Defendants

outlandish actions and conduct under color-of-law. Although this little girl is living with loving family

members, she has been denied the bonding and loving relationship she had with her Father, for the past

4 years. In the most formative stage of her little life, this little citizen of Colbert County has been

intentionally denied the experiences and interactions she should have, because Defendants have used

fraud and fabrication to hold her father in the Franklin County Jail. Thomas JR. spent two years of his

life to obtain FULL CUSTODY of "C", only to have these Defendants, acting under color-of-law deny

him his life with his little girl. "C" on the other hand has ALSO suffered because of the lawfully

prohibited actions of these Defendants, under color-of-law. "C" has lost all her toys, all her furniture,

has lost the companionship, attention, care, assistance, training, etc. of her Dad, has been forced to live

with another family member, has been imprisoned by these Defendants in being denied her right to live

peacefully in her OWN home with her OWN father. The smallest and most vulnerable of Colbert

County - minor children "C", "K", and "Z" - have all been injured and damaged by the actions

prohibited by law, of these Defendants operating under color-of-law.

## IX.  COLBERT COUNTY DEFENDANTS REFUSED OPPORTUNITY FOR AN EQUITABLE SETTLEMENT AND FORCED THIS § 1983 ACTION IN FEDERAL COURT

00.  In an effort to come to an equitable settlement with Williamson, Skipworth, Graham,

Hulsey, Gardner and Hatcher, Thomas SR. included the following text in the Original Criminal

Complaint to Colbert County, which states as follows:

## SHOULD THE MARTIN FAMILY
## BE FORCED TO INITIATE A §1983 ACTION IN FEDERAL COURT
## AND SHOULD THE TAXPAYERS BE FORCED TO PAY'
## ANOTHER DIME IN THIS MATTER?

The primary federal statute under which lawsuits are filed against state and local law enforcement officers for violating a person's constitutional rights is Title 42 U.S.C. Section 1983.5 This statute was directed at state officials who used the authority granted them to deprive newly freed slaves of constitutional rights. **The purpose of the statute "is to deter state actors from using their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."** Section 1983 may be used to sue state actors acting under color of state law. Title 42 U.S.C. Section 1983 provides as follows:

**"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress."**

Mr. Graham, the record is already clearly in place, and by YOUR OWN documentation, it will be very difficult to prove that you, Seahorn, Skipworth, Holcomb Holcombe, other named and identified officers in this Complaint, and as yet unidentified Colbert and Franklin County officers, can claim any kind of qualified immunity or that you are immune from a lawsuit. The Martins can very easily show the two prongs to disqualification of immunity: (1) that their Constitutional rights were violated, and (2) those rights were so clearly established that a reasonable officer / reasonable official would have known he/she committed the constitutional violation. Mr. Graham, 4th Amendment protections are NOT something "new" - they have been clearly established and enshrined for over 200 years since the creation of the 4th Amendment, to prevent exactly what has happened in this case. The Supreme Court has held, "A right is clearly established if a police officer had fair notice of it." The big question - Did Sgt. Seahorn, or Lt. Holcomb, or Deputy Skipworth, or Sgt. Holcombe have fair notice of the Martin's 4th Amendment protections? IF NOT, "WHY"NOT? IF these "officers" did NOT have "fair notice" of 4th Amendment Protections and Guarantees, then WHY were they allowed to operate in the Community? IF they did NOT have "fair notice" of 4th Amendment Protections and Guarantees, WHO FAILED to PROPERLY TRAIN THEM? As law enforcement officers who deal with this every day, they are either on

---

drugs, brain-dead, or so arrogant that they believe they are entitled to violate 4th Amendment protections against UNREASONABLE SEARCHES AND SEIZURES and "General Rummaging."   What was forced upon the Martins is BEYOND UNREASONABLE from every standpoint, and the UNLAWFUL, ILLEGAL Search and Seizure of their HOMES  was most definitely UNREASONABLE.

Skipworth, Seahorn, Holcomb, and Holcombe, and as yet unidentified officers,  entered the Martin's properties unlawfully.  These officers remained on the Martin's properties unlawfully.  These officers were not invited, licensed, or lawfully allowed to be on the premises'.  As such, these officers committed Criminal Trespass/Home Invasion without permission and without ANY LAWFUL Authority, which constitutes second-or third degree criminal trespass, but since their trespass involves the Martin's dwellings, the crime increases to a first-degree offense, for EACH property.  First-degree Criminal Trespass of a dwelling constitutes a class A misdemeanor, punishable by not more than one year in jail and a fine up to $6,000.  (Ala. Code §§ 13A-5-7, -12; 13A-7-1, -2 (2020).) As a result of their Criminal Trespass/Home Invasion of TWO different and separate property locations, each officer is criminally punishable by not more than TWO YEARS in Jail and a fine up to $12,000.

There are also the issues that MUST be considered including, but not limited to, Intentional Vandalism of 133 Billy Boy Lane and 6615 Lagrange Rd., Theft of property, Intentional Abuse and Terrorizing a Minor, as well as presenting INTERMINGLED and FALSE information to the Grand Jury and Court.

The big question here is, "Should the Martin Family be Forced To Initiate a § 1983 Action In Federal Court" for all the violations of their civil rights? Should the Martin family be forced to have to hire an attorney and be forced to pay the costs to file a lawsuit, when the FACTS clearly SHOW they have been intentionally violated?  And, the next big question is: should the TAXPAYERS be FORCED to pay another dime in this matter? Should the TAXPAYERS be FORCED to pay to DEFEND "YOU", Skipworth, Seahorn, Holcomb, Holcombe, other named officers in this Complaint, and as yet unidentified offers of Colbert and Franklin Counties?  The resounding answer is "NO"!

## DEMAND FOR CRIMINAL PROSECUTION
## AND
## DIMISSAL

Mr. Graham, it is very clear what has transpired in this case and WHO most of the participants are.  The TAXPAYERS DEMAND that YOU, Mr. Graham, immediately initiate criminal action against the named officers in this Complaint, for their blatant,

intentional, criminal conduct, which has led to the INTENTIONAL MISUSE of thousands of dollars of TAXPAYER monies as well as the damages the Martin family has been forced to suffer.

The TAXPAYERS DEMAND that Colbert County Deputy Bradley Skipworth be immediately ARRESTED for his criminal conduct against the Martin family, including intentionally terrorizing the Martin minor children, and creating FALSE and FABRICATED documents.  The TAXPAYERS ALSO DEMAND that Colbert County Deputy Bradley Skipworth be immediately removed from active service and terminated from his position with the Sheriffs Department.  The TAXPAYERS DEMAND that Franklin County Officers Lt. Jason Holcomb, Sgt. Jordan Seahorn, and Sgt. Clint Holcombe ALL be immediately ARRESTED for their criminal conduct against the Martin family, participation in terrorizing the Martin minor children, providing FALSE and FABRICATED documents, and they each be immediately  removed from active service and terminated from their respective positions with the Sheriff's Department. The TAXPAYERS further DEMAND that "YOU" Mr. Graham provide a public apology to the Martin family, and THEN immediately step down from your position as District Attorney.  The TAXPAYERS DEMAND that Angela Hulsey be terminated from her position as Assistant District Attorney for her FAILURE to disclose the TRUTH to the Grand Jury and Judge Hatcher, her manipulation of Judge Hatcher, and her carrying forward a case that clearly was BASED in FRAUD, FABRICATION, and CRIMINAL CONDUCT.

We would also caution you to immediately INFORM the Colbert County and Franklin County Sheriff Departments there is to be NO MORE HARASSMENT of ANY KIND instigated and initiated against ANY of the Martin Family. Thomas Sr. is NOW considered an "eye-witness" to the ILLEGAL, CRIMINAL RAID and VANDALIZING of 133 Billy Boy Lane.  Any contact from either Colbert County or Franklin County will be considered REPRISAL and RETALIATION for filing this Complaint, and ULTIMATELY THREATENING AND TAMPERING WITH A WITNESS, which carries serious penalties

**REMINDER:**   Mr. Graham, we would like to REMIND "YOU" that as a TAXPAYER "PAID"  PUBLIC SERVANT "YOU" have a DUTY, OBLIGATION, and RESPONSIBILITY to provide ANSWERS to ALL the questions asked in this Complaint, as well as to respond to EACH of the TAXPAYER'S DEMANDS FOR AN ANSWER.

00.  In an effort to come to an equitable settlement with Franklin County Defendants D.A. Joey Rushing, Lt. Jason Holcomb, Sgt. Jordan Seahorn, Sgt. Clint Holcomb and other as yet unidentified

law enforcement, Thomas SR. included the following text in the Original Criminal Complaint to Franklin County, which states as follows:

"...In essence, Thomas Jr. would NOT be in Jail and the REAL perpetrator of the shooting would be, IF Lt. Holcomb, Sgt. Holcombe, Sgt. Seahorn, and Deputy Skipworth would have operated with integrity and honesty to their office and conducted themselves according to the law. IF Lt. Holcomb would have used common sense, this would have stopped BEFORE it got started. BUT FOR the criminal conduct of Franklin County and Colbert County officers and the other named actors, Thomas would be home with his little daughter "C----" and making a living, as he was BEFORE all this. BUT FOR the criminal conduct of these named officers and others, Thomas Jr. would NOT be engaged in a nightmare and would NOT be facing BOGUS court charges. BUT FOR the criminal conduct of Franklin County and Colbert County officers, and You, Mr. Rushing, who have each proceeded with a falsified and fabricated case against Thomas Jr. the REAL shooter would have already been found and tried. BUT FOR You waiting for three years for Thomas Jr. to "plea-out" so you could "win" in this case, Mr. Rushing, this whole thing would be very different. It appears there has been a great conspiracy formed against Thomas Jr. and in the mean time Jason Poore's killer walks free. This is not only a dis-service to the Taxpayers who pay you, Mr. Rushing, this is a travesty of Justice for Jason Poore, and his family.

We expect you will immediately move to dismiss ALL charges against Thomas Martin, Jr. We expect you to issue a public apology to the TAXPAYERS for NOT upholding your Oath of Office and for FAILING to find Justice for Jason Poore and his family. We expect you will immediately move for an order to compel Brittany Barnett to undergo professional psychological and body language evaluation. We expect you to initiate an investigation through the Internal Affairs to root out the corrupt and unlawful conduct of law enforcement and other TAXPAYER paid employees. We expect you to initiate an immediate investigation in concert with Internal Affairs and to prosecute the offenders and violators of the law to the full extent of the law. Their conduct is reprehensible and despicable. We seek remuneration for the losses, which is continuing and ongoing as a result of this reckless fraud and unlawful conduct of all the actors, officers, and government employees involved in this case."

00.    It is clear that Plaintiffs have given the Defendants notice and great opportunity to remedy Plaintiffs' claims to make things right from their outlandish, malicious, and lawless conduct prohibited by law and accomplished under color-of-law, without having to force the TAXPAYERS to pay the costs of going to court to find remedy. Defendant Graham has FAILED to respond to all the questions asked

in the Official Criminal Complaint to Colbert County, has FAILED to respond to the formal requests for documentation, has FAILED to supply any of the documents in his fabricated case against Thomas, SR., and FAILED to provide any reason by which **he simply dismissed his fabricated court-case against Thomas SR**. without any explanation, after pursuing his fabricated case against Thomas SR. for two years.

00.    Defendant Rushing has FAILED to respond to all the questions asked in the Official Criminal Complaint to Franklin County and the three additional Supplements to that Complaint. Rushing has FAILED to respond to the formal requests for documentation, has FAILED to supply ANY of the documents in his fabricated case against Thomas, JR., and FAILED to provide any reason by which **he has held Thomas JR., under color-of-law, in the Franklin County Jail in complete denial of Thomas JR.'s 6th Amendment right to a "Speedy Trial" for over 4 years**, without any explanation.

00.    These TAXPAYER PAID Defendants have sworn an Oath, and had a TAXPAYER PAID duty to protect the Plaintiffs and their properties.  These Defendants do NOT have authority to act under color-of-law in a way that caused Plaintiffs to suffer injuries, like they have.  Defendants breached their duty to Plaintiffs, and their breach was the proximate cause of Plaintiffs' injuries. At all times, these Defendants were operating in concert with each other, completely outside the limitations and scope of their lawful authority.

00.    As a proximate result of Defendants' breach of their duty and their lawless actions, under color-of-law,  and in violation of the Plaintiffs established rights protected and guaranteed by the 4th, 5th, 6th, 7th, 8th, and 14th Amendments to the Constitution, protections and guarantees of the Alabama Constitution, and state and federal laws, Plaintiffs have endured multiple injuries, damages, and denial of protected rights, some of which include Defendants' criminal trespass onto their properties;  a warrantless invasion and RAID of their private residences - their homes.  Plaintiffs have been

Verified Complaint for Damages                                    pg. 42 of 121

intentionally denied their liberty and have been wrongfully "imprisoned" in their own home without any cause; Plaintiffs have been deprived of their property; Plaintiffs have incurred expenses that never would have occurred if not for the intentional actions of Defendants under color-of-law; Plaintiffs have suffered extreme fear, embarrassment, shame, anxiety, as well as continuing emotional distress.

00.   Plaintiff "K" has suffered serious emotional distress which has caused nightmares, night terrors, serious self-esteem issues, and endured coaching from mental health counselors. Plaintiff "Z" has also suffered as a result of watching the entire lawless conduct of Defendants Williamson, Skipworth, Holcomb, Seahorn, Holcombe, and other as yet unidentified law enforcement, as they just barged into her home and terrified her. Plaintiff "C" has suffered the destruction of her ALL her toys along with all the furniture and other items in her house; As a result of Defendants actions under color-of-law, Plaintiff "C" has also suffered the loss of her father's care, society, companionship, protection, training, advice, moral training, instruction, attention, and guidance. Plaintiff Jennifer Vandiver has suffered not only the horror of her home being invaded by a gang of men in plain clothes who simply barged into her living room, screaming "Where's the dope? Where's the dope!", while she was peacefully cooking dinner. Vandiver has suffered from nightmares and emotional distress. Vandiver now has a very deeply ingrained distrust of any law enforcement.

## FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS, 4TH AMENDMENT, 1ST AMENDMENT
### Defendants  Violated the 4th Amendment and 1st Amendment Under Color
**VIOLATION OF THE 1ST, 4TH, 5TH, 6TH, 7TH, 8TH, 13TH, AND 14TH AMENDMENTS; MALICIOUS PROSECUTION,  AIDING AND ABETTING FRAUD, RICO RACKETEERING, CONSTRUCTIVE FRAUD AND CIVIL CONSPIRACY, Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986 against ALL DEFENDANTS.**

00.    Plaintiffs allege and incorporate by reference all previous paragraphs of this Complaint.

00.    On February 12, 2019 Defendants trespassed without legal authority, had knowledge of others' trespass and either sat idly by, or aided and abetted and obstructed justice for those who trespassed without legal authority. Defendants wrongfully arrested and incarcerated Thomas SR. without due process. Defendants kidnapped Thomas JR. and incarcerated him without due process. Plaintiffs' unalienable 4th Amendment right to be free from unreasonable government intrusion was clearly established at the time of the arrest of Thomas SR. and subsequently, Thomas JR., on a *search* warrant and subsequent continual incarceration. The laws relating to punishment for violating the Constitution, for violating a citizen's civil rights under color of law and for intentional infliction of emotional distress were *clearly established* at the time Defendants kidnapped and imprisoned both Thomas SR. and Thomas JR. without jurisdiction or due process. Defendants violated the United States Supreme Court's reaffirming of an 1880 precedent relating to *trespass* in the 1999 opinion entitled *Wilson v. Layne,* 526 U.S. 603 (1999) (at Stevens, J. concurring n.7):

> "7.    See, e.g., Daingerfield v. Thompson, 74 Va. 136, 151 (1880): 'There seems, indeed, to be no principle of law better settled, and for which numerous authorities may be cited if necessary, than that all persons who wrongfully contribute in any matter to the commission of a trespass, are responsible as principals, and each one is liable to the extent of the injury done,' see also W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts, p. 72 (5th ed. 1984)."

00.    Defendants also denied Plaintiff Jennifer Vandiver, Martin Minor Child "K" and Martin Minor Child "Z" of their Liberty for over two hours while Defendants conducted an outlawed "General Rummaging" of their home at 6615 Lagrange Road, Leighton, AL with NO Valid

Warrant. For over 120 minutes, Defendants used fear and intimidation to engage in child abuse and terrorize Plaintiff Minor Child "K" and Plaintiff Minor Child "Z", thereby denying "K" and "Z" their Liberty, as well as used fear and intimidation to abuse and terrorize Plaintiff Jennifer Vandiver, thereby denying Vandiver her Liberty. According to the precedent established in *Trevezant*, each single minute of denial of Liberty by a government employee is worth $1,086.96. Plaintiff Vandiver, "K" and "Z" are each entitled to $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) for this denial of their Liberty. Defendants also denied "K" and "Z" of their First Amendment rights of "Free Speech" when they demanded that minor child "K" and minor child "Z" sit down and "SHUT UP" while they were in the privacy of their own home, doing their homework, and subsequently acosted, and terrified out of her mind by Defendant Law Enforcement "thugs" Defendant Bradley Skipworth, Defendant Jason Holcombe, Defendant Jordan Seahorn, Defendant Frank Williamson, and others acting under color.

00. Plaintiffs rights to be free from government agents' unreasonable government intrusion were clearly established at the time of Defendants false arrest of Thomas SR., Thomas JR., and wrongful detainment, terrorizing, and child abuse of Plaintiff Vandiver, "K", and "Z". Laws against prohibited hearsay testimony, forgery, perjury, destruction or alteration of court records, violations of RICO, false declarations before grand jury or court, intentional infliction of emotional distress, bad faith, no jurisdiction, unclean hands, concealment, obstruction of justice, violation of civil rights, no jurisdiction, unjust enrichment, discrimination, constructive fraud, aiding and abetting fraud, kidnapping and false claims were *clearly established* at the time Defendants RAIDED 6615 Lagrange Road with an invalid "search warrant", and then proceeded to RAID 133 Billy Boy Lane with NO WARRANT at all, falsely arrested, kidnapped and

imprisoned both Thomas SR., and Thomas JR., without jurisdiction or due process in violation of Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986.

00.    Plaintiffs request all Defendants' Answers or Replys be Verified by each individual Defendant. For this first cause of action, plaintiffs are each asking for thirty seven million dollars ($37,000,000.00) because Defendants acted with malice, engaged in unwarranted search and seizure, engaged in unlawful general rummaging, conducted malicious and false arrest without probable cause, engaged in malicious prosecution without probable cause, denial of Liberty without cause, denial of First Amendment right to free speech, and for defendants' falsifying criminal indictments.

00.    Additionally, Plaintiff Thomas SR. requests that this Court issue Orders that he be compensated $1,195,829,913.60 (One billion, one hundred ninety-five million, eight hundred twenty-nine thousand, nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12, 2019 through March 17, 2021 - a total of 764 days (2 yrs., 1 month, 5 days) = 1,100,160 minutes x $1086.96 = $1,195,829,913.60, per the precedent set in *Trevezant.*

00.    Additionally Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

00. Additionally Plaintiff "K" requests that this Court issue Orders that she be compensated $130.435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12. 2019.

00. Additionally Plaintiff "Z" requests that this Court issue Orders that she be compensated $130.435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12. 2019.

00. Additionally Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2.644.573.680. (Two billion, six hundred forty-four million, five hundred seventy-three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12. 2019 through September 29. 2023 -  a total of 1690 days (4 yrs., 7 months. 17 days)  = 2.433.600 minutes  x $1086.96 = $2.644.573.680., per the precedent set in *Trevezant*.  Plaintiff Thomas JR. requests that this Court also issue Orders that he be compensated in accordance with the *Trevezant* decision. at a rate of $1.086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale.  Plaintiff Thomas JR. further requests that this Court issue Orders that he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12. 2019. in the amount of $50.000.00

00. Additionally Plaintiff Minor Child "C" requests that this Court issue Orders that she be compensated $10.000. for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane.  "C's" bedroom

furniture and all her toys were never listed on ANY search warrant, therefore Defendants had NO

AUTHORITY to destroy "C's" personal property.

## SECOND CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS
### Defendants Violated the 5th, 6th and 7th Amendments Under Color

**VIOLATION OF CIVIL RIGHTS, VIOLATION OF PLAINTIFF'S UNALIENABLE RIGHTS SECURED BY THE U.S. AND ALABAMA CONSTITUTIONS; VIOLATION OF CIVIL RIGHTS UNDER COLOR, FALSE IMPRISONMENT, WITHOUT PROBABLE CAUSE, RICO RACKETEERING, NO JURISDICTION, KIDNAPPING (and CONTINUING even as defendant(s) read this Complaint.) There is no immunity for ANY Defendant committing the outrageous, inhume, vile and, among other things, the despicable acts, set out below, against Plaintiffs, as set out in these causes of action Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1201, 1341, 1343, 1621, 1622, 1623(a)(b)(c)(1)(2), 1951-1964 (RICO), 1962(c,d); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986, against ALL DEFENDANTS**

00.   Plaintiffs allege and incorporate by reference all previous paragraphs of this

Complaint.

00.   After the RAID of 6615 Lagrange Road with an invalid warrant, Colbert County

Defendants brought an Indicment against Plaintiff Thomas SR. for the purpose of revenge and

aiding and abetting revenge, then conspired with each other, and with Franklin County

Defendants, to tell lies and submit perjured documents to cover up their wrong-doing of putting

an innocent man in jail. Defendant B.T. Gardner attempted to extort money from me while

waiting to be called into the courtroom. Defendant Jacqueline Hatcher did nothing when

advised of Gardner's attempted extortion, except to bang her gavel several times and

immediately appoint Marthaler as defense counsel - in complete opposition to Marthaler's

demand he not be appointed as counsel.

00.   Several times over the course of the many months Plaintiff Thomas SR. requested the transcript of this day's proceeding and was refused at every turn. Plaintiff Thomas SR. requested Defendant "B.T." Gardner give him all evidence in the case against him - Gardner refused. Plaintiff Thomas SR. requested that newly appointed Defendant Marthaler give him all evidence in the case against him - Marthaler refused. Plaintiff Thomas SR. filed a handwritten request with the court demanding all discovery evidence in the case against him - which was ignored. Thomas SR. requested Defendant Bryce Graham Jr. to provide all evidence in the case. and was once again ignored. Thomas SR. was effectively denied ANY and ALL opportunity to access ANY evidence used in the case against him.

00.   Eventually, after two years of confinement under bond, and Defendants intentionally denying Thomas SR. his ability to work at his normal trade. business, and profession as a supervisor and crew leader. Defendant Bryce Graham. Jr. simply voluntarily dismissed the case against Thomas SR. Defendant Hatcher signed the dismissal culminating two years of false imprisonment without probable cause. perjured documents. fraud. no jurisdiction. all committed by Defendants against Thomas SR. at Taxpayer expense.

00.   After "catching" and transporting Thomas JR. from Colbert County to Franklin County in complete violation of the procedure mandated in Alabama Code §§ 15-10-70, 15-10-71, 15-10-72  for the safe transport of detainees from one Alabama County to another. Franklin County Defendants incarcerated Thomas JR. in the Franklin County jail for over nine months before presenting perjured documents to a grand jury to obtain an indictment against hm. Franklin County Defendants worked in concert with Colbert County Defendants throughout all the process, obtaining an Indictment against Thomas JR. for the purpose of revenge and aiding

and abetting revenge. Franklin County Defendants set the real murderer of Jason Poore free on a special "deal" that she (Brittany Barnett) would testify against Thomas JR. Franklin and Colbert County Defendants then conspired with each other to tell lies and submit perjured documents to cover up their wrong-doing of putting an innocent man – Thomas JR – in jail for 5 years without due process, in violation of his 6th Amendment protection and guarantee of a "Speedy Trial." see EXHIBIT ___. Thomas JR.'s unalienable 5th, 6th and 7th Amendment rights to due process of law, to a just and Speedy Trial, for effective assistance of counsel, to confront his accuser(s) and to know the true **_nature_** of the accusations against him (such as, was he being warehoused in prison for profit), were clearly established at the time of his detainment and incarceration. Thomas JR.'s unalienable 8th, 13th and 14th Amendment rights to be free from cruel and unusual punishment, free from slavery and to equal protection were clearly established at the time of his arrest and incarceration. The laws relating to punishment for violating the Constitution, for violating a citizen's civil rights under color of law and for intentional infliction of emotional distress were *clearly established* at the time Defendants kidnapped and imprisoned Thomas JR. without an arrest warrant, without jurisdiction, and without due process. There is no immunity for any government agent or employee committing the outrageous, inhume, vile and despicable acts against Plaintiffs Thomas SR. and Plaintiff Thomas JR. in violation of Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986.

00.   Plaintiffs Vandiver, "K", "Z", and "C" have all suffered greatly as a result of Defendants' lies, ommissions of truth, fraud, fabricated and perjured documents, outrageous

conduct and despicable acts under color.

00. Plaintiffs request all Defendants' Answers or Replys be Verified by each individual Defendant. For this second cause of action, plaintiffs are each asking for thirty seven million dollars ($37,000,000.00) because Defendants acted with malice, engaged in unwarranted search and seizure, engaged in unlawful general rummaging, conducted malicious and false arrest without probable cause, engaged in malicious prosecution without probable cause, denial of Liberty without cause, denial of First Amendment right to free speech, and for defendants' falsifying criminal indictments.

00. Additionally, Plaintiff Thomas SR. requests that this Court issue Orders that he be compensated $1,195,829,913.60 (One billion, one hundred ninety-five million, eight hundred twenty-nine thousand, nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12, 2019 through March 17, 2021 - a total of 764 days (2 yrs., 1 month, 5 days) = 1,100,160 minutes x $1086.96 = $1,195,829,913.60, per the precedent set in *Trevezant*.

00. Additionally Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

00. Additionally Plaintiff "K" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.    Additionally Plaintiff "Z" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.    Additionally Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2,644,573,680. (Two billion,six hundred forty-four million, five hundred seventy-three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12, 2019 through September 29, 2023 - a total of 1690 days (4 yrs., 7 months, 17 days)  = 2,433,600 minutes  x $1086.96 = $2,644,573,680., per the precedent set in *Trevezant*.  Plaintiff Thomas JR. requests that this Court also issue Orders that he be compensated in accordance with the *Trevezant* decision, at a rate of $1,086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale.  Plaintiff Thomas JR. further requests that this Court issue Orders that he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12, 2019, in the amount of $50,000.00

00.    Additionally Plaintiff Minor Child "C" requests that this Court issue Orders that she be compensated $10,000, for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane.  "C's" bedroom furniture and all her toys were never listed on ANY search warrant, therefore Defendants had NO AUTHORITY to destroy "C's" personal property.

## THIRD CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS
### Defendants Violated the 8th Amendment Under Color

**VIOLATION OF CIVIL RIGHTS, VIOLATION OF PLAINTIFF'S UNALIENABLE RIGHTS SECURED BY THE U.S. AND ALABAMA CONSTITUTIONS; VIOLATION OF CIVIL RIGHTS UNDER COLOR, FALSE IMPRISONMENT, WITHOUT PROBABLE CAUSE, RICO RACKETEERING, NO JURISDICTION, KIDNAPPING (and CONTINUING even as defendant(s) read this Cmnplaint. There is no immunity for ANY defendant committing the outrageous, inhume, vile and, among other things, the, despicable acts, set out below, against Plaintiffs, as set out in these causes of action Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 12o1m 1341, 1343, 1621, 1622, 1623, (a)(b)(c)(1)(2), 1951-1964 (RICO), 1962(c,d), 2381, 2383; Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986, against ALL DEFENDANTS**

00.   Plaintiffs allege and incorporate by reference all previous paragraphs of this Complaint.

00.   Colbert County Defendants violated Thomas SR.'s 8th Amendment right to be free from cruel and unusual punishment. Thomas SR.'s rights to be free from Defendants' cruel and unusual punishment of falsely arresting him without a valid warrant, denying his Liberty forcing him to remain under Bond, attempting to extort money because as Defendant B.T. Gardner claimed, in the courthouse, "Freedom isn't Free... you're gonna have to come up with some money," intentionally interfering with his exercise of his trade, business, and profession, interfering with his ability to make an income and fulfill contracts, denying him his discovery, treating him as "guilty until proven innocent", in violation of the 8th Amendment, Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO), 2381, 2383; Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986.

00.   Franklin County Defendants violated Thomas JR.'s 8th Amendment right to be free from cruel and unusual punishment. Thomas JR.'s rights to be free from Defendants' cruel and

unusual punishment of falsely arresting him without a valid warrant, transporting him from Colbert County to Franklin County in complete violation of established Alabama law, denying his Liberty forcing him to remain incarcerated for nine months without an arraignment, for four years without discovery, and for five years without a trial were clearly established at the time he was subjected to cruel and unusual punishment, treated like guilty until proven innocent, and thrown in a hole without due process to rot "until witnesses die off," like his first court appointed defense attorney Defendant Nathan Johnson stated, all in violation of the 8th Amendment, Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO), 2381, 2383; Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986.

00.    Plaintiffs request all Defendants' Answers or Replys be Verified by each individual Defendant. For this third cause of action, plaintiffs are each asking for thirty seven million dollars ($37,000,000.00) because Defendants acted with malice, engaged in unwarranted search and seizure, engaged in unlawful general rummaging, conducted malicious and false arrest without probable cause, engaged in malicious prosecution without probable cause, denial of Liberty without cause, denial of First Amendment right to free speech, and for defendants' falsifying criminal indictments.

00.    Additionally, Plaintiff Thomas SR. requests that this Court issue Orders that he be compensated $1,195,829,913.60 (One billion, one hundred ninety-five million, eight hundred twenty-nine thousand, nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12, 2019 through March 17, 2021 - a total of 764 days (2 yrs., 1 month,

5 days) = 1,100,160 minutes x $1086.96 = $1,195,829,913.60, per the precedent set in *Trevezant.*

00.   Additionally Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

00.   Additionally Plaintiff "K" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.   Additionally Plaintiff "Z" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.   Additionally Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2,644,573,680. (Two billion,six hundred forty-four million, five hundred seventy-three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12, 2019 through September 29, 2023 - a total of 1690 days (4 yrs., 7 months, 17 days) = 2,433,600 minutes x $1086.96 = $2,644,573,680., per the precedent set in *Trevezant.* Plaintiff Thomas JR. requests that this Court also issue Orders that he be compensated in accordance with the *Trevezant* decision, at a rate of $1,086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale. Plaintiff Thomas JR. further requests that this Court issue Orders that

he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12, 2019, in the amount of $50,000.00

00.   Additionally Plaintiff Minor Child "C" requests that this Court issue Orders that she be compensated $10,000. for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane.  "C's" bedroom furniture and all her toys were never listed on ANY search warrant, therefore Defendants had NO AUTHORITY to destroy "C's" personal property.

### FOURTH CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS
**Claim Against Supervisory Defendant in Individual Capacity**
**(Title 42 U.S.C. §§ 1981, 1983)**
**against Defendant Frank Williamson, lead supervisory officer and active participant in the unlawful RAID of 6615 Lagrange Road, Leighton,AL with a perjured and invalid warrant and allowed officers to abuse and terrify Plaintiffs,  AND,  the WARRANTLESS RAID of 133 Billy Boy Lane, where he actively participated in vandalism, and destruction of real and personal property. Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 12o1m 1341, 1343, 1621, 1622, 1623, (a)(b)(c)(1)(2), 1951-1964 (RICO), 1962(c,d), 2381, 2383; Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986, against DEFENDANT FRANK WILLIAMSON**

269. Plaintiffs' third cause of action is against Defendant Frank Williamson, and incorporates by reference all previous paragraphs of this complaint.

00.   On February 12, 2019, Defendant Frank Williamson - duly elected Sheriff of Colbert County, Alabama - was the lead supervising law enforcement officer responsible for both Colbert County and Franklin County officers, who all engaged in an invalid search and seizure - more appropriately called a RAID - of Plaintiff Thomas Martin SR.s home and property located at 6615 Lagrange Road. In this RAID of 6615 Lagrange Road, Plaintiffs Thomas Martin, SR., Jennifer Vandiver, Martin Minor Child "K", and Martin Minor Child "Z" all suffered compensabile injury in the denial of their unalienable 4th Amendment rights to be free of unreasonable searches and seizures.

Verified Complaint for Damages                                                                pg. 56 of 121

Denial of 4th Amendment protections and guarantees against unreasonable searches and seizures is clearly shown in the actual facts, documents, and evidence of what happened. The facts clearly prove that Defendant Frank Williamson is at fault for causing Plaintiffs' harm, damages, and/or losses. Defendant Frank Williamson had the duty and responsibility to protect Plaintiffs Thomas SR., Jennifer Vandiver, "K" and "Z" from harm, damages, or losses.

00. In line with the "But For" test, had Williamson acted within the limitations of the authority of his position as the duly elected Sheriff of Colbert County, Alabama, Plaintiffs' rights, protections and guarantees would NOT have been denied and these Plaintiffs would not have suffered the injuries, damages, losses, and the egregious violations of their rights.

00. Not only did Williamson actually physically participate in and allow the unlawful "General Rummaging" of 6615 LaGrange Road, but Williamson authorized several other violations including, but not limited to: Defendant Bradley Skipworth's vehement abuse of and traumatizing Minor child "Z" and Minor child "K", traumatizing Jennifer Vandiver, wrongful arrest of Thomas Martin, SR., forcing Thomas SR. to walk, in restraints, in the dark, up the long road to 133 Billy Boy Lane, where he was guarded by Defendant Franklin County Lt. Jason Holcombe and forced to be an eye-witness and watch as Sheriff Frank Williamson, Colbert County deputies, and Franklin County deputies intentionally physically vandalized and destroyed personal property with NO WARRANT AT ALL, directly violating and denying Plaintiffs Thomas Martin JR., and Martin Minor Child "C's" rights and clearly established 4th Amendment Constitutional protections and guarantees. Plainly incompetent, Defendant Williamson exercised power under-color-of-law irresponsibly, as he knowingly violated clearly established law, violated Plaintiffs' clearly established statutory and constitutional rights, and thereby he has no immunity protections, and is accountable for his actions and conduct.

00. A plaintiff "may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her

subordinates." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Defendant Frank Williamson, as a long time experienced law enforcement officer, and duly elected Sheriff of Colbert County, was the highest ranking and lead officer onsite on February 12, 2019. As such knew or reasonably should have known that the actions he took within his sphere of official responsibility would violate the constitutional rights of the Plaintiffs'. Defendant Williamson's conduct clearly displayed actions taken with the malicious intention to cause a deprivation of constitutional rights or other injury.) *Wood v. Strickland*, 420 U. S. 308, 322 (1975).

00. Defendant Frank Williamson's conduct as the lead and highest supervisory officer, who personally authorized and actively participated with Colbert and Franklin County deputies in the invalid RAID and GENERAL RUMMAGING of 6615 LaGrange Road, and then continued to personally authorize and actively participate in the WARRANTLESS RAID, intentional vandalizing, and intentional destruction of personal property at 133 Billy Boy Lane was the causation-in-fact to the deprivation of the Plaintiffs' rights. Defendant Frank Williamson's conduct as the lead officer in charge was the proximate cause and the moving force which caused the ultimate injuries to Plaintiffs. Plaintiffs' state a claim, based on Williamson's conduct, as the in-charge supervisor, which clearly shows Williamson's reckless or callous indifference to the rights of these Plaintiffs. A jury can find Defendant Frank Williamson, as the Sheriff of Colbert County, liable in his individual capacity because he set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional, physical, emotional, and financial injuries upon the Plaintiffs.

00. Defendant Frank Williamson, as a Taxpayer paid, public official and top "supervisor" of the Colbert County Sheriff's Department, is accountable for exercising power irresponsibly and can not hide from liability behind a shield of "qualified immunity" because he obviously was NOT performing his duties "reasonably." *Pearson v. Callahan*, 555 U.S. 223 (2009). Defendant Frank Williamson, as a

"supervisor" is liable in his individual capacity because he "...knew of the violations and FAILED to act to prevent them," and he actively physically participated in the RAIDS of 6615 Lagrange Road and 133 Billy Boy Lane, alongside of Colbert and Franklin County Deputies.

00.  As a government official, and leader of the Colbert County Sheriff's Department, Defendant Frank Williamson can not obtain immunity from these claims because he violated Plaintiffs' "clearly established" statutory and constitutional rights.  NONE of the actions in question were within Defendant Williamson's scope of his job as the highest level senior law enforcement officer on scene on February 12, 2019.  As a law enforcement officer, who oversees the execution of search and arrest warrants on a daily basis as part of his job, Williamson is presumed to understand the ramifications of the protections and guarantees of the 4th Amendment, and is expected to operate within those protections and guarantees.

00.  Any reasonable Sheriff would have known that Defendant Frank Williamson's intentional conduct and participation in the unlawful RAID and **unlawful GENERAL RUMMAGING** of 6615 LaGrange Road, coupled with the wrongful arrest of Thomas Martin, SR. - whose name is not listed on the invalid, defective, perjured "Search Warrant"  and then continuing to actively participate in the **WARRANTLESS** RAID, intentional vandalism, intentional destruction and intentional ruin of personal property at 133 Billy Boy Lane violated the Plaintiffs' rights. **See EXHIBIT NO. 5 which recounts both of the unlawful RAIDS.**  In _Malley v. Briggs_, 457 U.S. 335 (1986), the Supreme Court examined immunity for police officers with regard to acting on the basis of a faulty warrant. The Court held that qualified immunity does not apply to a police officer when the officer wrongfully arrests someone based on a warrant, if the officer could not reasonably believe that there was probable cause for the warrant. Reasonability is determined by the action that an objectively reasonable officer would take.  The Court held that qualified immunity does not apply to a police officer when the officer wrongfully arrests someone based on a warrant, if the officer who could not reasonably believe that

there was probable cause for the warrant. Defendant Frank Williamson was personally familiar with both Thomas Martin, Sr., and Thomas Martin, Jr., PRIOR to February 12, 2019, such that he could NOT reasonably believe that there was probable cause for the warrant to be executed at Thomas Martin, Sr.'s home at 6615 LaGrange Road. Defendant Frank Williamson also could NOT reasonably believe that there was probable cause to arrest Plaintiff Thomas Martin, SR., when the invalid, defective, perjured "search" warrant clearly and specifically states "**Thomas Allen Martin, JR**." and Plaintiff Thomas JR. was **ALREADY** detained in the Franklin County Jail.

00. At the conclusion of the unlawful RAID of 6615 LaGrange Road, as the lead supervising officer onsite, Defendant Frank Williamson then led, and personally, actively participated with a squad of Colbert and Franklin County deputies in a completely WARRANTLESS "RAID" - search and seizure of 133 Billy Boy Lane which denied Plaintiffs' Thomas Martin, JR, and Martin Minor Child "C" or their protections of Fourth Amendment, as well as Supreme Court decision concerning Warrantless searches and seizures. Defendant Williamson can not prove that a reasonable officer could have believed that the eye-witnessed WARRANTLESS "RAID" - search, intentional vandalism and intentional destruction of personal property constitutionally complied with the 4th Amendment protections and guarantees to be free from unreasonable searches and seizures. Defendant Williamson can not prove that the Taxpayers who pay his salary, or that his defined duties, authorize him to engage in a WARRANTLESS RAID, intentional vandalism and intentional destruction of personal property with no consequences.

00. There is also no legitimate governmental interests against the degree to which the WARRANTLESS search of 133 Billy Boy Lane intruded upon Minor Child "C"'s privacy." Minor Child "C" lived at 133 Billy Boy Lane. Although a toddler at the time and one of this country's smallest and most vulnerable victims of Defendant Sheriff Frank Williamson's abuse, along with Colbert and Franklin County Law Enforcement Defendant's intentional abuse, it is a FACT that Minor

Child "C" is a "Citizen" of the United States. As such, Minor Child "C" is protected by the Constitution for the United States, as well as the Alabama State Constitution, and is guaranteed to be free from unreasonable searches and seizures. Minor Child "C"'s personal property - bedroom furniture, pictures, picture frames, and all her room full of "toys" were intentionally destroyed by Defendant Williamson and the law enforcement officers under his command - with NO WARRANT authorizing this intentional destruction of Minor Child "C"'s personal proprety! There is also no legitimate governmental interests against the degree to which Defendant Williamson and his deputies violated Minor Child "C's 8th Amendment protections against cruel and unusual punishment - the intentional destruction of Minor Child "C"'s bedroom furniture and intentional destruction of her toys is cruel and unusual punishment, especially against an innocent minor child who was instantly denied ALL her personal property, intentionally destroyed by Defendant Frank Williamson and law enforcement actors under his command.

00.    There is no clearly established law which can justify Defendant Farnk Williamson's approval of, authorization of, and personal active participation in the WARRANTLESS February 12, 2019 search, intentional vandalism and intentional destruction of personal property at 133 Billy Boy Lane. Defendant Williamson possessed NO information which can be considered to make his WARRANTLESS search, seizure, intentional vandalism, and intentional destruction of property at 133 Billy Boy Lane lawful or reasonable. Defendant Williamson was required to obtain a valid search warrant, or at the very least, to have the search warrant he possessed corrected **BEFORE** he ever entered the property at 133 Billy Boy Lane. Williamson possessed NO WARRANT issued for 113 Billy Boy Lane!

00.    As a supervisor, Defendant Frank Williamson was deliberately indifferent to the need to correctly supervise his subordinates. Defendant Williamson not only actively personally participated in the illegal WARRANTLESS RAID of 133 Billy Boy Lane, but he also allowed his subordinates to

engage in actions and conduct which caused the constitutional harm or deprivation of Plaintiffs' rights. Defendant Frank Williamson disregarded the known or obvious consequences that ommitting his leadership would cause his employees to violate these Plaintiffs' constitutional rights. Defendant Frank Williamson's outlandish conduct in violation of 4th Amendment protections, and in violation of the limits of his position, has also put the State of Alabama at risk, as he is an Alabama State Employee.

00.   On February 12, 2019, during the Colbert County RAID of Thomas SR.'s home and property located at 6615 LaGrange Road  and the RAID of Thomas JR.'s home and property located at 133 Billy Boy Lane,

1.  Defendant Frank Williamson, the Sheriff of Colbert County, Alabama, acting under color-of-law, was the highest level and lead supervisor for both Colbert County and Franklin County Sheriff deputies and officers who participated onsite in the RAID of 6615 LaGrange Road with an invalid, defective, perjured warrant;

2.  Defendant Frank Williamson, the Sheriff of Colbert County, Alabama, acting under color-of-law, was the highest level and lead supervisor for both Colbert County and Franklin County Sheriff deputies and officers who participated onsite in the WARRANTLESS RAID, intentional vandalism, and intentional destruction of personal property at 133 Billy Boy Lane, with NO WARRANT AT ALL!;

3.  The acts and/or failure to act of Defendant Sheriff Frank Williamson's subordinates Defendant Colbert County Sheriff Deputy Bradley Skipworth, Defendant Franklin County Sheriff Lt. Jason Holcomb, Defendant Franklin County Sheriff Sgt. Jordan Seahorn, Defendant Franklin County Sheriff Sgt. Clint Holcomb, and other as yet unidentified subordinate participants, denied and deprived these Plaintiffs of their particular rights, protections, and guarantees under the United States Constitution, in violation of the 4th Amendment, and other state and federal law;

4. Defendant Sheriff Frank Williamson directed his subordinates in the acts and/or failure to act that deprived the Plaintffs of these rights:

5. Defendant Sheriff Frank Williamson set in motion a series of acts committed by himself and by his subordinates, or knowingly refused to terminate a series of acts committed by himself and by his subordinates, which he knew or reasonably should have known would cause the subordinates to deny and deprive the Plaintiffs of these rights;

      1. Defendant Sheriff Frank Williamson knew that his subordinates were engaging in these acts and knew or reasonably should have known that the subordinates' conduct would deny and deprive the Plaintiffs of these rights; and

      2. Defendant Sheriff Frank Williamson failed to act to prevent his subordinates from engaging in such conduct;

      3. Defendant Sheriff Frank Williamson disregarded the known or obvious consequence that a particular training deficiency or omission would cause his subordinates to violate and deny the Plaintiffs Constitutionally protected rights;

      4. Defendant Sheriff Frank Williamson engaged in conduct that showed a reckless or callous indifference to the denial and deprivation by these subordinates of the rights of others;

      5. Defendant Sheriff Frank Williamson's conduct was so closely related to the denial and deprivation of the Plaintiffs' rights as to be the causation-in-fact and the proximate moving force that caused the ultimate injuries.

00. A person acts "under color-of-state-law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

00. Defendant Frank Williamson, as lead officer, and highest level supervisor on site on February 12, 2019, is liable for the acts of his subordinates because he actively participated in and/or

directed the violations. *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1182 (9th Cir. 2007). Defendant Williamson as the lead officer and highest level supervisor is liable in his individual capacity under § 1983 because (1) he personally participated in the denial of constitutional protections and guarantees - especially denial of 4th Amendment guarantees to be free from unreasonable searches and seizures, or (2) there is a "sufficient causal connection between Defendant Williamson's wrongful conduct and the constitutional violations. *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989). Moreover, Defendant Farnk Williamson had actual supervisory authority over these government actors who committed the denials and violations, thereby he is liable for their reckless, callous, and unconstitutional conduct.

00. Although § 1983 suits do not allow for the imposition of vicarious liability and a plaintiff must prove that each supervisory defendant, through that defendant's own actions, has violated the Constitution, the factors that a plaintiff must prove in order to establish a claim for supervisory liability depend on the alleged underlying constitutional deprivation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-77 (2009) (finding that plaintiff needed to plead and prove that supervisors - Williamson - acted with discriminatory purpose or intent - acted, or failed to act, in a manner that was deliberately indifferent to Plaintiffs' 4th Amendment rights, protections, and guarantees against unreasonable searches and seizures - such that Plaintiffs' are entitled to a claim for supervisory liability for invidious discrimination in contravention of the 4th Amendment. Defendant Frank Williamson acted with discriminatory purpose or intent - acted or failed to act in a manner that was deliberately indifferent to Plaintiff Minor Child "C"'s 8th Amendment protections against cruel and unusual punishment - the intentional destruction of Minor Child "C"'s bedroom furniture and intentional destruction of her toys. Plaintiffs have the right to hold Defendant Frank Williamson liable for his own culpable actions.

00. Plaintiffs request all Defendants' Answers or Replys be Verified by each individual

Defendant. For this third cause of action, plaintiffs are each asking for thirty seven million dollars ($37,000,000.00) because Defendants acted with malice, engaged in unwarranted search and seizure, engaged in unlawful general rummaging, conducted malicious and false arrest without probable cause, engaged in malicious prosecution without probable cause, denial of Liberty without cause, denial of First Amendment right to free speech, and for defendants' falsifying criminal indictments.

00.   Additionally, Plaintiff Thomas SR. requests that this Court issue Orders that he be compensated $1,195,829,913.60 (One billion, one hundred ninety-five million, eight hundred twenty-nine thousand, nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12, 2019 through March 17, 2021 - a total of 764 days (2 yrs., 1 month, 5 days) = 1,100,160 minutes x $1086.96 = $1,195,829,913.60, per the precedent set in *Trevezant*.

00.   Additionally Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

00.   Additionally Plaintiff "K" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.   Additionally Plaintiff "Z" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the

precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.   Additionally Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2,644,573,680. (Two billion, six hundred forty-four million, five hundred seventy-three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12, 2019 through September 29, 2023 - a total of 1690 days (4 yrs., 7 months, 17 days) = 2,433,600 minutes x $1086.96 = $2,644,573,680., per the precedent set in Trevezant.  Plaintiff Thomas JR. requests that this Court also issue Orders that he be compensated in accordance with the Trevezant decision, at a rate of $1,086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale.  Plaintiff Thomas JR. further requests that this Court issue Orders that he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12, 2019, in the amount of $50,000.00

00.   Additionally Plaintiff Minor Child "C" requests that this Court issue Orders that she be compensated $10,000. for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane.  "C's" bedroom furniture and all her toys were never listed on ANY search warrant, therefore Defendants had NO AUTHORITY to destroy "C's" personal property.

### FIFTH CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS
### Defendants Violated the 14th Amendment Rights Under Color
**VIOLATION OF CIVIL RIGHTS, VIOLATION OF PLAINTIFF'S UNALIENABLE RIGHTS SECURED BY THE U.S. AND ALABAMA CONSTITUTIONS; VIOLATION OF CIVIL RIGHTS UNDER COLOR, FALSE IMPRISONMENT, WITHOUT PROBABLE CAUSE, RICO, NO JURISDICTION, KIDNAPPING (and CONTINUING even as defendant(s) read this Cmnplaint. There is no immunity for ANY defendant committing the outrageous, inhume,**

**vile and, among other things, the, despicable acts, set out below, against Plaintiffs, as set out in these causes of action Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1201, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); 1962(c, d); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986. against ALL DEFENDANTS**

00.   Plaintiffs allege and incorporate by reference all previous paragraphs of this Complaint.

00.   The record and facts show that Defendants deprived Plaintiffs of life, liberty and property without due process of law, or aided and abetted others who denied Plaintiffs of life, liberty and property – all done under color of law, see EXHIBIT ___. Plaintiffs' unalienable 14th Amendment rights to equal protection and due process of law were clearly established at the time of the RAID of 6615 with an invalid warrant, the RAID of 133 Billy Boy Lane with NO Warrant, the Colbert Cunty arrest and incarceration of Thomas SR. and the Franklin County arrest and incarceration of Thomas JR.. The laws relating to punishment for violating the Constitution, for violating a citizen's civil rights under color of law and for intentional infliction of emotional distress were *clearly established* at the time Colbert and Franklin County Defendants conspired to commit a RAID of Thomas SR.'s home at 6615 Lagrange Road wiht an invalid warrant, and when Colbert and Franklin County Defendants kidnapped and imprisoned Thomas JR. without an arrest warrant, without jurisdiction, and without due process.  The laws relating to punishment for violating the Constitution, for violating a citizen's civil rights under color of law and for intentional infliction of emotional distress were *clearly established* at the time Colbert and Franklin County Defendants conspired to commit a RAID of Thomas JR.'s home at 133 Billy Boy Lane  with NO WARRANT. The laws relating to punishment for violating the Constitution, for

violating a citizen's civil rights under color of law and for intentional infliction of emotional distress were *clearly established* at the time Colbert and Franklin County Defendants conspired to commit a RAID of Thomas JR.'s home at 133 Billy Boy Lane with NO WARRANT, and engaged in vandalizing the real and personal property at 133 Billy Boy, and egaged in destroying little girl "C's" bedroom furniture and ALL her toys!. Government Agents/Employees violated Tile 42 U.S.C. § 1983 when they acted under color of statutes, ordinances, regulations, custom or usages of Colbert County and Franklin County, and caused Plaintiffs to be deprived of their rights, privileges or immunities granted by the Constitution and laws of the United States of America, of the State of Alabama, and by Titles 15, 18, 28, 31 and 42 U.S.C.. Colbert and Franklin County Defendants subjected Plaintiffs to great indignities, humiliation, pain, distress of mind and body, scorn and ridicule, injured Plaintiffs in their character and reputation, and prevented Plaintiffs Thomas SR. and Thomas JR. from attending their jobs and usual business. There is no immunity for <u>any</u> government agent or employee committing the outrageous, inhume, vile and despicable acts against Plaintiffs in violation of Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986.

00. Plaintiffs request all Defendants' Answers or Replys be Verified by each individual Defendant. For this first cause of action, plaintiffs are each asking for thirty seven million dollars ($37,000,000.00) because Defendants acted with malice, engaged in unwarranted search and seizure, engaged in unlawful general rummaging, conducted malicious and false arrest without probable cause, engaged in malicious prosecution without probable cause, denial of

Liberty without cause, denial of First Amendment right to free speech, and for defendants' falsifying criminal indictments.

00.    Additionally, Plaintiff Thomas SR. requests that this Court issue Orders that he be compensated $1,195,829,913.60 (One billion, one hundred ninety-five million, eight hundred twenty-nine thousand, nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12, 2019 through March 17, 2021 - a total of 764 days (2 yrs., 1 month, 5 days) = 1,100,160 minutes x $1086.96 = $1,195,829,913.60, per the precedent set in *Trevezant*.

00.    Additionally Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

00.    Additionally Plaintiff "K" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.    Additionally Plaintiff "Z" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.    Additionally Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2,644,573,680. (Two billion, six hundred forty-four million, five hundred seventy-

three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12, 2019 through September 29, 2023 - a total of 1690 days (4 yrs., 7 months, 17 days) = 2,433,600 minutes x $1086.96 = $2,644,573,680., per the precedent set in *Trevezant*. Plaintiff Thomas JR. requests that this Court also issue Orders that he be compensated in accordance with the *Trevezant* decision, at a rate of $1,086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale. Plaintiff Thomas JR. further requests that this Court issue Orders that he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12, 2019, in the amount of $50,000.00

00. Additionally Plaintiff Minor Child "C" requests that this Court issue Orders that she be compensated $10,000. for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane. "C's" bedroom furniture and all her toys were never listed on ANY search warrant, therefore Defendants had NO AUTHORITY to destroy "C's" personal property.

## SIXTH CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS
### Defendants Aided And Abetted Each Other

**PERJURY, THEFT, DESTRUCTION OR ALTERATION OF COURT RECORDS, VIOLATIONS OF RICO, FALSE DECLARATIONS BEFORE GRAND JURY OR COURT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, CONCEALJVIENT, OBSTRUCTION OF JUSTICE, VIOLATION OF CIVIL RIGHTS, FALSE IMPRISONIVIENT, NO JURISDICTION, UNJUST ENRICHMENT, DISCRIMINATION, CONSTRUCTIVE FRAUD, AIDING AND ABETTING FRAUD, KIDNAPPING, AND UNJUST ENRICHMENT**
**Title 18 U.S.C. §§ 2, 3, 4, 666. 1001 (PERJURY), 1343, 1621,1622, 1623, 1743, 1951-1962; Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986; 28 U.S.C. § 1343(a)(1)(2)(3)(4), against All Defendants**

00.  Plaintiffs allege and incorporate by reference all previous paragraphs of this Complaint.

00.  Defendants had knowledge that they had no valid warrant with which to enter the property located at 6615 Lagrange Road in Colbert County.  Defendants had knowledge that Thomas JR. was already in custody in the Franklin County Jail, and that the silver Buick was already in impound in Franklin County at the time they RAIDED Thomas SR.'s property at 6615 Lagrange Road.  Defendants had knowledge that they are NOT authorized to search for anythiing that is not described on the face of a search warrant of attached Affidavit; they are NOT authorized to fabricate or create stories upon with they engage in illegal and unlawful acts, all of which they did when they wrongfully arrested Thomas SR.. put him in handcuffs, and eventually marched him up the road to 133 Billy Boy Lane - in the dark - so that he was forced to become an eye witness of their intentional destruction of the single wide mobile home, furniture, refrigerator, washing machine, dryer, kitchen equipment and furniture, ripping the front door off its hinges, and intentionally destroying little girl "C's" bedroom furniture and ALL her toys, and then including items taken from Billy Boy Lane on the "Franklin County Evidence/Property Receipt" which Defendant Jordan Seahorn created for 6615 Lagrange Road. This unlawful including items taken from Billy  Boy Lane was authorized and "okayed" by Defendant Jason Holcombe.  Colbert County and Franklin County Defendants knew what each other did, had knowledge and ability to prevent, continued to actively participate or sat idly by, which triggers Plaintiffs Claim against them under Title 18 U.S.C. §§ 2, 3 and 4, principals and accessories after-the-fact.  Colbert and Franklin County Defendants acts and omissions damaged Plaintiffs, and are still damaging Plaintiffs, see *Salinas v. United States*, 118 S.Ct. 469 (1997):

"[C]onspiracy is a distinct evil, dangerous to the public, and punishable in itself."

00.   Defendants had knowledge that they are NOT authorized to engage in terrorizing, abusing, or denying innocent minor children who are doing their homework of their Constitutionally protected rights.  Defendants had knowledge tht they are NOT authorized to engage in terrorizing, abusing, or intimidating innocent citizens, inside their homes, cooking dinner. Colbert County and Franklin County Defendants knew what each other did, had knowledge and ability to prevent, continued to actively participate or sat idly by, which triggers Plaintiffs Claim against them under Title 18 U.S.C. §§ 2, 3 and 4, principals and accessories after-the-fact.  Colbert and Franklin County Defendants acts and omissions damaged Plaintiffs, and are still damaging Plaintiffs, see *Salinas v. United States*, 118 S.Ct. 469 (1997): "[C]onspiracy is a distinct evil, dangerous to the public, and punishable in itself."

00.   Defendants had knowledge that they RAIDED 133 Billy Boy Lane with NO WARRANT.  Defendants had knowlege they engaged in unlawful vandalism and damage of 133 Billy Boy Lane.  Defendants had knowledge they destroyed little girl "C's" bedroom furniture and ALL her toys with NO lawful authorization to engage in this evil conduct. Defendants had knowledge they RAIDED 6615 Lagrange Road with an invalid warrant. Colbert County and Franklin County Defendants knew what each other did, had knowledge and ability to prevent, continued to actively participate or sat idly by, which triggers Plaintiffs Claim against them under Title 18 U.S.C. §§ 2, 3 and 4, principals and accessories after-the-fact. Colbert and Franklin County Defendants acts and omissions damaged Plaintiffs, and are still damaging Plaintiffs, see *Salinas v. United States*, 118 S.Ct. 469 (1997): "[C]onspiracy is a distinct evil, dangerous to the public, and punishable in itself."

00. Defendants had knowledge of Brittany Barnett's "deal" with Defendant Joey Rushing to have the murder charges against her dropped in exchange for pinning Jason Poore's murder on Thomas JR., had knowledge that Thomas JR. was arrested, kidnapped and incarcerated on a *search*, not *arrest* warrant, had knowledge that Thomas JR. was not arraigned until nine months later on perjured documents, had knowledge that the murder investigation lead by Defendant Jason Holcomb was shoddy, poor or non-existent, and had knowledge that these acts against Thomas JR. were conducted under color of law in violation of clearly established state and federal law, in violation of Thomas JR.s rights, and in violation of each Colbert and Franklin County Defendant Agent/Employee's sworn Oath to uphold and defend the Constitution. Colbert and Franklin County Defendants conspired with each other, organized and planned to conceal information, to falsely charge, indict, and convict Thomas JR. in order to conceal their own wrong-doing, and to conceal Thomas JR. in the county jail for the purpose of obstructing justice for each other, submitting perjured documents in court, concealing records, and use of prolonged incarceration to ultimately force Thomas JR. to take a "plea deal."

00. Colbert County and Franklin County Defendants knew what each other did, had knowledge and ability to prevent, continued to actively participate or sat idly by, which triggers Plaintiffs Claim against them under Title 18 U.S.C. §§ 2, 3 and 4, principals and accessories after-the-fact. Colbert and Franklin County Defendants acts and omissions damaged Plaintiffs, and are still damaging Plaintiffs, see *Salinas v. United States*, 118 S.Ct. 469 (1997): "[C]onspiracy is a distinct evil, dangerous to the public, and punishable in itself."

00. On September 7, 2023, Plaintiff Jennifer Vandiver attended a court proceeding in the Franklin County Circuit Court presided over by Defendant Brian Hamilton, with Defendant

Franklin County D.A. Jeffery Barksdale, newly appointed defense counsel Christie Miller and Catherine Carter, and Plaintiff Thomas JR. in attendance. Plaintiff Vandiver witnessed a court proceeding in which Thomas JR. refused to accept a plea to "manslaughter" as opposed to what Plaintiff Thomas JR. was initially charged with - "capital murder." This drop from a charges of capital murder with a possible sentence of life or death penalty, to a sentence of manslaughter with a penalty of 2 to 20 years alone proves Defendants have no case against Thomas JR.

00. Plaintiffs intangible rights to honest services from government employees were clearly established at the time of Thomas JR.'s kidnapping from Colbert County and incarceration in Farnklin County on February 12, 2019. The laws relating to principles, accessories after the fact, fraud, aiding and abetting, civil conspiracy, perjury, racketeering and obstruction of justice were *clearly established* at the time Colbert County and Franklin County Defendatns kidnapped and imprisoned Thomas JR. and Thomas SR., without jurisdiction, and have kept Thomas JR. incarcerated without due process. There is no immunity for any government agent or employee committing the outrageous, inhume, cruel, intentional, vile and despicable acts against me in violation of Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986.

00. Plaintiffs request all Defendants' Answers or Replys be Verified by each individual Defendant. For this first cause of action, plaintiffs are each asking for thirty seven million dollars ($37,000,000.00) because Defendants acted with malice, engaged in unwarranted search and seizure, engaged in unlawful general rummaging, conducted malicious and false arrest without probable cause, engaged in malicious prosecution without probable cause, denial of

Liberty without cause, denial of First Amendment right to free speech, and for defendants' falsifying criminal indictments.

00.    Additionally, Plaintiff Thomas SR. requests that this Court issue Orders that he be compensated $1,195,829,913.60 (One billion, one hundred ninety-five million, eight hundred twenty-nine thousand, nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12, 2019 through March 17, 2021 - a total of 764 days (2 yrs., 1 month, 5 days) = 1,100,160 minutes x $1086.96 = $1,195,829,913.60, per the precedent set in *Trevezant*.

00.    Additionally Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

00.    Additionally Plaintiff "K" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.    Additionally Plaintiff "Z" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.    Additionally Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2,644,573,680. (Two billion,six hundred forty-four million, five hundred seventy-

three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12, 2019 through September 29, 2023 - a total of 1690 days (4 yrs., 7 months, 17 days) = 2,433,600 minutes x $1086.96 = $2,644,573,680.. per the precedent set in *Trevezant*. Plaintiff Thomas JR. requests that this Court also issue Orders that he be compensated in accordance with the *Trevezant* decision, at a rate of $1,086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale. Plaintiff Thomas JR. further requests that this Court issue Orders that he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12, 2019, in the amount of $50,000.00

00. Additionally Plaintiff Minor Child "C" requests that this Court issue Orders that she be compensated $10,000. for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane. "C's" bedroom furniture and all her toys were never listed on ANY search warrant, therefore Defendants had NO AUTHORITY to destroy "C's" personal property.

### SEVENTH CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS
### Defendants engaged in Racketeering and Interference with Commerce
**VIOLATIONS OF RICO RACKETEERING, AIDING AND ABETTING FRAUD, CIVIL CONSPIRACY, KIDNAPPING, FALSE IMPRISONMENT, EXTORTION, FRAUD AND CONSTRUCTIVE FRAUD Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986, against ALL DEFENDANTS**

00. Plaintiffs allege and incorporate by reference all previous paragraphs of this Complaint.

00. Defendants conspired with and aided and abetted each other to commit fraud, civil

conspiracy, kidnapping, false imprisonment, extortion, interference with commerce and trade, racketeering and constructive fraud, which violated Plaintiffs' civil rights and interfered with Thomas SR.'s and Thomas JR.'s ability to work. Thomas JR. held a good paying job where he worked alongside of his father, Thomas Martin, Sr. in a roofing company. Thomas SR. was supervisor and crew leader, who travelled two weeks each month out of the state of Alabama to fulfill lucrative contracts with large hotels, motels, and commercial complexes in Mississippi and Louisiana. In 2019, Thomas JR. was in the process of purchasing his home located at 133 Billy Boy Lane in Leighton, Alabama. Both the false arrest of Thomas SR. and Thomas JR, the kidnap and incarceration of Thomas JR. for the past five years, and Defendant Bryce Graham Jr.'s and Defendant Jacqueline Hatcher's refusal to allow Thomas SR. the ability to leave the state, destroyed both Thomas SR.'s and Thomas JR.'s chances with the bank for getting a loan or credit, affected the banking industry, destroyed Thomas JR's job, destroyed Thomas SR's job and destroyed the roofing business of their employer, which satisfies RICO jurisdiction for having a *de minimis* impact on interstate commerce, see *United States v. Juvenile Male*, 118 F.3d 1344 (9th Cir. 1997), where RICO jurisdiction and conviction was obtained when defendant affected the flow of seven sandwiches, five bags of potato chips and one gun – all of which are defined as *items in interstate commerce*, just as Thomas SR.'s and Thomas JR.'s job/roofing business involve items in interstate commerce affected by Defendants' conduct, at pages 1344 and 1345:

> "**3. Commerce.** All that is required to establish federal jurisdiction in Racketeer Influenced and Corrupt Organizations Act (RICO) prosecution is showing that individual predicate racketeering acts have de minimis impact on interstate commerce. 18 U.S.C.A. § 1962(d).

**4. Commerce.** To establish de minimis effect on interstate commerce so as to permit exercise of jurisdiction under Racketeer Influenced and Corrupt Organizations Act (RICO), Government need not show that defendant's acts actually affected interstate commerce; rather, jurisdictional requirement is satisfied by proof of probable or potential impact. 18 U.S.C.A. § 1962(d).

**5. Commerce.** Juvenile defendants' actions had 'de minimis effect on interstate commerce,' thus establishing jurisdiction in Racketeer Influenced and Corrupt Organizations Act (RICO) prosecution; defendants allegedly robbed restaurant franchisee which sent percentage of its profits to its out-of-state headquarters, defendants allegedly stole, among other things, sandwiches and chips, many of whose ingredients were purchased from out-of-state suppliers, and firearm used during robbery had moved in interstate commerce. 18 U.S.C.A. § 1962(d)."

00.   These items affected by Defendants' racketeering enterprise include but are not limited to: roofing supplies, tar, shingles, gravel, lumber, tools, trucks and equipment to transport supplies, filling stations, restaurants and motels where Thomas SR. and Thomas JR. obtained services, fuel, food and sleeping quarters while travelling on the road – all affected by Defendants' racketeering. See also Title 15 U.S.C., which forbids anybody from interfering with or restraining the free flow of commodities. Intentional infliction of emotional distress which *could* affect business carries a penalty of $1 million under Title 18 U.S.C. Frauds and Swindles, and $10 million under the Hobbs Act and Sherman Anti-Trust. Title 15 U.S.C. Commerce and Trade provides punishments for anybody committing illegal restraint of trade (*trade* being transport and sale of roofing supplies, tar, lumber, shingles, travel expenses, etc.):

> "Every person (no exceptions) who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal (use of threat, fear and intimidation to restrain property/ roofing business, tools, equipment vehicles) shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $10,000,000.00 (ten million dollars) if a (municipal) corporation, or, if any other person, $350,000.00."

00.   Title 18 U.S.C. § 1951 interference with commerce by threats or

violence : "Whoever in any way or degree <u>obstructs, delays or affects commerce or the movement of any article or commodity…by robbery or extortion or attempts or conspires to do so…shall be fined…or imprisoned not more than twenty years</u>…(2) the term 'extortion' means the <u>obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right</u>." [emphasis added]

00,    Thomas SR's and Thomas JR.'s ability to work was stolen from them by Defendants, which gives them standing under RICO.  In California, the entire Rampart police department was declared to be a racketeering enterprise when Louie Guerrero sued it for wrongful arrest, malicious prosecution and intentional and deliberate indifference to his rights, see *Guerrero v. Gates, et al,* CV 00-7165, (June 30, 2000), articulating that per 18 U.S.C. section 1964(c), <u>loss of employment</u>, denial of employment benefits, loss of business opportunities, and damage to professional reputation constitute cognizable injuries to business or property, so long as the injuries were proximately caused by the racketeering acts.  See also *Khurana v. Innovative Health Care Sys., Inc.,* 130 F.3d 143, 150-52 (5th Cir. 1997); *Sadighi v. Daghighfekr,* 36 F. Supp. 2d 279, 292 (D.S.C. 1999); *McCampbell v. KPMG Peat Marwick,* 1997 WL 311521 at *2 (N.D. Tex. May 30, 1997.

00.   Thomas SR.'s and Thomas JR.'s rights to be free from Defendants' fraud, perjury, false arrest and imprisonment, conspiracy, racketeering, aiding and abetting and filing false claims for work performed when the record shows they each committed acts <u>outside</u> their duties prescribed by law were clearly established at the time of their arrests on a *search* warrant and subsequent incarceration,  and Thomas JR. being warehoused for five years.  The laws providing punishment for civil conspiracy against rights, principles and accessories after the fact, fraud, obstruction of justice, perjury, forgery, bad faith, legal malpractice, filing false claims, interference with

commerce, illegal restraint of trade, for violating a citizen's civil rights under color of law and for intentional infliction of emotional distress were *clearly established* at the time Defendants falsely arrested Thomas SR., and falsely arrested, kidnapped and imprisoned Thomas JR., without jurisdiction or due process in violation of Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986.

00. The damage done to plaintiff by defendants, and each of them, amounted to an intentional interference with prospective business advantage, which affected conullerce, had a de minimus impact on interstate commerce, which gives Plaintiffs standing under the RICO Act to seek triple damages. Plaintiffs were injured by reason of this violation of 18 U.S.C. § 1962, in that, as a direct and proximate result of Defendants' complained of acts, Plaintiffs have suffered and continue to suffer damages, including but not limited to, monetary damages and emotional distress, in an amount to be proven at ttial.

00. Defendants are members and associates of a racketeering enterprise as defined in Title 18 U.S.C § 1 961(4); and did conunit the prohibited conduct described in section 1961 (1) (B). Defendants committed prohibited conduct described in Title 18 U.S.C. sections 201 (bribery/doing a favor for), 891-894 (extortionate credit transactions), 1503 (obstruction of justice), 1513 (retaliation against a witness, victim or informant), 1951 (interference with commerce, robbery and extortion); 1506 (theft or alteration of record), 241 (conspiracy against rights), 242 (deprivation of rights under color), 666 (      ), 1001 (making materially false, fictitious, or fraudulent statement or entry); and violated Title 28 U.S.C. § 955 (practice of law).

00.   Defendants conspired with judges, private parties and attorneys, who all misused and abused the judicial process to injure, oppress, threaten, and intimidate Plaintiffs in the free exercise and enjoyment of rights and privileges secured to them by the Constitution and laws of the United States. Defendants increased the misuse and abuse against Plaintiffs for exercising their Constitutionally-secured rights and privileges to sue corrupt city, county and state officials.

00.   Defendant Colbert County D.A. Bryce Graham, Jr., Defendant Colbert County Assistant District Attorney Angela Hulsey and Defendant Franklin County D.A. Joseph "Joey" Rushing and D.A. Jeffrey Barksdale encouraged  falsifications, fraud, and omissions by not auditing the dockets and actual records and by not getting law enforcement and attorneys prosecuted for perjury, discrimination, and other crimes in the record. Defendant Colbert County D.A. Bryce Graham, Jr., Defendant Colbert County Assistant District Attorney Angela Hulsey and Defendant Franklin County D.A. Joseph "Joey" Rushing and Defendant Franklin County D.A. Jeffrey Barksdale encouraged these predicate acts by failing to report and prosecute the offenders, which makes them liable as accessories after the fact per Title 18 U.S.C. section 2, 3 and 4.

00.   By reason of the Defendants' violation of 18 U.S.C.A. § 1962, Plaintiffs are entitled, pursuant to 18 U.S.C.A. § 1964( c), to threefold (treble) the damages sustained, costs of suit, and reasonable attorney's fees.

00.   Plaintiffs request all Defendants' Answers or Replys be Verified by each individual Defendant. For this seventh cause of action, plaintiffs are each asking for thirty seven million dollars ($37,000,000.00) because Defendants acted with malice, engaged in unwarranted search

and seizure, engaged in unlawful general rummaging, conducted malicious and false arrest without probable cause, engaged in malicious prosecution without probable cause, denial of Liberty without cause, denial of First Amendment right to free speech, fraud, RICO Racketeering, and for defendants' falsifying criminal indictments.

00.    Additionally, Plaintiff Thomas SR. requests that this Court issue Orders that he be compensated $1.195.829.913.60 (One billion, one hundred ninety-five million, eight hundred twenty-nine thousand, nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12, 2019 through March 17, 2021 - a total of 764 days (2 yrs., 1 month, 5 days) = 1.100.160 minutes x $1086.96 = $1.195.829.913.60, per the precedent set in *Trevezant.*

00.    Additionally Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130.435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

00.    Additionally Plaintiff "K" requests that this Court issue Orders that she be compensated $130.435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.    Additionally Plaintiff "Z" requests that this Court issue Orders that she be compensated $130.435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.  Additionally Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2,644,573,680. (Two billion,six hundred forty-four million, five hundred seventy-three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12, 2019 through September 29, 2023 - a total of 1690 days (4 yrs., 7 months, 17 days)  = 2,433,600 minutes  x $1086.96 = $2,644,573,680., per the precedent set in *Trevezant*.  Plaintiff Thomas JR. requests that this Court also issue Orders that he be compensated in accordance with the *Trevezant* decision, at a rate of $1,086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale.  Plaintiff Thomas JR. further requests that this Court issue Orders that he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12, 2019, in the amount of $50,000.00

00.  Additionally Plaintiff Minor Child "C" requests that this Court issue Orders that she be compensated $10,000. for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane.  "C's" bedroom furniture and all her toys were never listed on ANY search warrant, therefore Defendants had NO AUTHORITY to destroy "C's" personal property.

## EIGHTH CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS, 5TH AMENDMENT RIGHTS

**Defendants Submitted False Declarations and/or Aided and Abetted Those Who Did**
**VIOLATIONS OF RICO RACKETEERING, AIDING AND ABETTING FRAUD, CIVIL CONSPIRACY, KIDNAPPING, FALSE IMPRISONMENT, EXTORTION AND CONSTRUCTIVE FRAUD**
**Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729 (filing of false claims); and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986, against ALL DEFENDANTS**

00.  Plaintiffs allege and incorporate by reference all previous paragraphs of this Complaint.

00,  The record shows that no proper investigation of Jason Poore's death by shooting was done, that the person arrested for shooting Jason Poore was Brittany Barnett, who was subsequently released a few months later when she made a plea "deal" with Defendant Joey Rushing that she would testify that Thomas JR. was the shooter, and that Defendants either submitted or aided and abetted those who submitted and covered up forged, perjured and false documents entered into sheriff department records, district attorney evidence files, court records, or to the Grand Jury to frame Thomas JR, evade accountability for kidnapping Thomas JR, and keeping Thomas JR incarcerated for 5 years without due process.  Plaintiffs believe Brittany Barnett was released by Defendant Joey Rushing in exchange for pinning Jason Poore's death on Plaintiff Thomas JR.  Plaintiffs rights to be free from Defendants' fraud, forgery, false claims, perjury, false imprisonment, conspiracy, aiding and abetting were clearly established by acts of Congress at the time of Defendants unlawful RAID of Thomas SR.'s home and the RAID of Thomas JR.'s home at Billy Boy Lane with NO WARRANT, the wrongful arrest of Thomas SR., the arrest and incarceraton of Thomas JR. for five years without due process.  Laws against perjury, theft, destruction or alteration of court records, violations of RICO, false declarations before grand jury or court, intentional infliction of emotional distress, bad faith, no jurisdiction, unclean hands, concealment, obstruction of justice, violation of civil rights, false imprisonment, no jurisdiction, unjust enrichment, discrimination, constructive fraud, aiding and abetting fraud, kidnapping and unjust enrichment were *clearly established* at the time Defendants engaged in

their RAID of 6615 Lagrange Road with an invalid warrant, the RAID of 133 Billy Boy Lane with NO WARRANT, falsely arrested Thomas SR. and Thomas JR, kidnapped and imprisoned Thomas JR. without jurisdiction or due process in violation of Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986.

00.   All Defendants participated in false charges and incarceration of Plaintiffs at taxpayer's expense. Each of these Defendants submitted time cards for work that they performed - said work was fraudulent. Plaintiffs have standing to collect the whistleblower's reward under the False Claims Act.

00.   Plaintiffs request all Defendants' Answers or Replys be Verified by each individual Defendant. For this seventh cause of action, plaintiffs are each asking for thirty seven million dollars ($37,000,000.00) because Defendants acted with malice, engaged in unwarranted search and seizure, engaged in unlawful general rummaging, conducted malicious and false arrest without probable cause, engaged in malicious prosecution without probable cause, denial of Liberty without cause, denial of First Amendment right to free speech, fraud, RICO Racketeering, and for defendants' falsifying criminal indictments.

00.   Additionally, Plaintiff Thomas SR. requests that this Court issue Orders that he be compensated $1,195,829,913.60 (One billion, one hundred ninety-five million, eight hundred twenty-nine thousand, nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12, 2019 through March 17, 2021 - a total of 764 days (2 yrs., 1 month,

5 days) = 1,100,160 minutes x $1086.96 = $1,195,829,913.60, per the precedent set in *Trevezant*.

00.    Additionally Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

00.    Additionally Plaintiff "K" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.    Additionally Plaintiff "Z" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.    Additionally Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2,644,573,680. (Two billion,six hundred forty-four million, five hundred seventy-three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12, 2019 through September 29, 2023 - a total of 1690 days (4 yrs., 7 months, 17 days) = 2,433,600 minutes x $1086.96 = $2,644,573,680., per the precedent set in *Trevezant*. Plaintiff Thomas JR. requests that this Court also issue Orders that he be compensated in accordance with the *Trevezant* decision, at a rate of $1,086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale. Plaintiff Thomas JR. further requests that this Court issue Orders that

he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12, 2019, in the amount of $50,000.00

00. Additionally Plaintiff Minor Child "C" requests that this Court issue Orders that she be compensated $10,000. for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane. "C's" bedroom furniture and all her toys were never listed on ANY search warrant, therefore Defendants had NO AUTHORITY to destroy "C's" personal property.

## NINETH CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS
### Defendants Submitted False Claims
**VIOLATIONS OF RICO RACKETEERING, AIDING AND ABETTING FRAUD, CIVIL CONSPIRACY, KIDNAPPING, FALSE IMPRISONMENT, EXTORTION, FRAUD AND CONSTRUCTIVE FRAUD, DENIAL OF INTANGIBLE RIGHT TO HONEST SERVICES**
**Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001(perjury), 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729 filing false claims, U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986, against ALL DEFENDANTS**

00. Plaintiffs allege and incorporate by reference all previous paragraphs of this Complaint.

00, Plaintiffs Claim and the record shows the names of Defendants who were paid to perform specific duties prescribed by law: police, detectives, court clerks, judges, prosecutors and lawyers who are governed by the law, governed by the Code of Professional Conduct, and who swore Oaths to protect and uphold the Constitution for this state and its citizens, and for the United States of America and its citizens. The record shows that each of them failed to perform their duties, which has damaged these Plaintiffs and resulted in Thomas JR. rotting in

jail for the last five years without a shred of due process or proof/evidence/testimony against him, certainly _without_ an _arrest_ warrant, and without a speedy trial much less a speedy arraignment. Just hearsay, see EXHIBIT ___.

00. The record also shows that no proper investigation of Jason Poore's shooting death was done by detectives, that the person arrested for the shooting, Brittany Barnett, was released in exchange for pinning Jason Poore's death on Plaintiff Thomas JR, see Exhibit ___, and that Defendants either submitted or aided and abetted those who submitted and covered up forged, perjured and false documents entered into court and to the Grand Jury to evade their accountability for falsely arresting and kidnapping Plaintiff Thomas SR. and Plaintiff Thomas JR., and keeping Thomas JR. incarcerated for 5 years without due process. Plaintiffs rights to be free from Defendants' fraud, perjury, forgery, false charges, false claims, false arrest, false imprisonment, conspiracy, aiding and abetting were clearly established in The Constitutions for the U.S. and Alabama, and by Titles 15, 18, 28, 31 and 42 U.S.C. at the time of Plaintiffs arrests and incarceration for five years without due process.

00. What would happen to an employee in the private sector if he or she was paid to perform specific duties, then did other activities instead of those duties on company time, submitted time cards and got paid, but did not do the actual work but something else? They'd be _fired_. The record in this case shows that each Defendant was paid with taxpayer money to ensure competent, complete police and detective investigations, valid lawful warrants issued particularly describing the person or things to be searched or seized and backed by victim/witness affidavit(s), actual evidence and testimony collected to uphold charges, equal and fair dispensing of justice, speedy trials, all discoverable information disclosed to the accused,

upholding of their Oaths to protect and defend the Constitution and all citizens' rights, etc. Each Defendant was paid to perform these duties, and in Plaintiffs' case, these Defendants did NOT perform their duties prescribed by law, which is fraud for filing a false claim/time card to be paid with government money, then NOT doing the job in violation of Title 31 U.S.C. § 3729. See also *U.S. v. Inzunza*, 580 F.3d 894 (9th Cir. 2009), upholding public servant's culpability for denial of the public's intangible right to honest services in violation of Title 18 U.S.C. § 1343 - Frauds & Swindles. Laws against fraud, perjury, theft, destruction or alteration of court records, false claims and unjust enrichment were *clearly established* at the time Defendants kidnapped and imprisoned Thomas SR. and Thomas JR. without jurisdiction or due process in violation of Title 18 U.S.C. §§ 2, 3, 4, 1001 (perjury), 1343, 1621, 1622, 1623, 1743, 1951-1962; Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986; 28 U.S.C. § 1343(a)(1)(2)(3)(4) and Title 31 U.S.C. § 3729 filing false claims.

00.   Plaintiffs had intangible rights to honest services, which Defendants took from these Plaintiffs, and which they also took from the Taxpayers. All Defendants participated in false charges and jncarceration of Plaintiffs at Taxpayer's expense. Each one of them submitted time cards for work that they performed- said work was fraudulent. Plaintiffs have standing to collect the whistleblower's reward under the False Claims Act.

00.   Plaintiffs request all Defendants' Answers or Replys be Verified by each individual Defendant. For this eighth cause of action, plaintiffs are each asking for thirty seven million dollars ($37,000,000.00) because Defendants acted with malice, engaged in unwarranted search and seizure, engaged in unlawful general rummaging, conducted malicious and false arrest without probable cause, engaged in malicious prosecution without probable cause, denial of

Liberty without cause, denial of First Amendment right to free speech, fraud, RICO Racketeering, and for defendants' falsifying criminal indictments.

00. Additionally, Plaintiff Thomas SR. requests that this Court issue Orders that he be compensated $1,195,829,913.60 (One billion, one hundred ninety-five million, eight hundred twenty-nine thousand, nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12, 2019 through March 17, 2021 - a total of 764 days (2 yrs., 1 month, 5 days) = 1,100,160 minutes x $1086.96 = $1,195,829,913.60, per the precedent set in *Trevezant.*

00. Additionally Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

00. Additionally Plaintiff "K" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00. Additionally Plaintiff "Z" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00. Additionally Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2,644,573,680. (Two billion, six hundred forty-four million, five hundred seventy-

three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12, 2019 through September 29, 2023 - a total of 1690 days (4 yrs., 7 months, 17 days) = 2,433,600 minutes x $1086.96 = $2,644,573,680., per the precedent set in *Trevezant*. Plaintiff Thomas JR. requests that this Court also issue Orders that he be compensated in accordance with the *Trevezant* decision, at a rate of $1,086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale. Plaintiff Thomas JR. further requests that this Court issue Orders that he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12, 2019, in the amount of $50,000.00

00. Additionally Plaintiff Minor Child "C" requests that this Court issue Orders that she be compensated $10,000, for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane. "C's" bedroom furniture and all her toys were never listed on ANY search warrant, therefore Defendants had NO AUTHORITY to destroy "C's" personal property.

## TENTH CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS, 6TH AMENDMENT
### Defendants Lied by Omission - PERJURY
## VIOLATIONS OF RICO RACKETEERING, AIDING AND ABETTING FRAUD, CIVIL CONSPIRACY, KIDNAPPING, FALSE IMPRISONMtiENT, EXTORTION AND CONSTRUCTIVE FRAUD, DENIAL OF INTANGIBLE RIGHT TO HONEST SERVICES, |PERJURY
## Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001(perjury), 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729 filing false claims, and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986, against ALL DEFENDANTS

00. Plaintiffs allege and incorporate by reference all previous paragraphs of this Complaint.

00. Defendants committed two types of lies – by commission, and by omission. Each knew of these lies which violated the law and violated these Plaintiffs rights, see *Mariana Islands v. Bowie*, 236 F.3d 1083 (9th Cir. 2001) at page 1089, quoting:

"These standards confirms that the legal profession has accepted that an Attorney's ethical duty may not use false evidence to advance the interest of his clients and to prevent and disclose fraud upon the court and recognize that perjury is as much a crime as tampering with witnesses or jurors by way of promises and threats, and undermines the administration of justice."

00. A lie is a lie, no matter what its subject, and if it is in any way relevant to the case, Defendant attorneys Nathan Johnson, B.T. Gardner, John Andrew McReynolds and Eddie Beason, and Defendant prosecutors , Bryce Graham Jr., Joey Rushing, Jeffrey Barksdale and Chris Howell had the responsibility and duty to correct what each knew to be false, yet they each failed to elicit the truth. Their indifference to Plaintiffs' rights and the law was deliberate and malicious. See the *Nix v. Whiteside*, 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986) line of cases, in which a defense attorney balked at his client's insistence on committing perjury. The Supreme Court amplified the dimensions of every lawyer's duty to prevent fraud upon a court, articulating standards found in the Canons of Professional Ethics of the American Bar Association and the Model Code of Professional Responsibility:

"These standards confirm that the legal profession has accepted that an attorney's ethical duty to advance the interests of his client is limited by an equally solemn duty to comply with the law and standards of professional conduct; it specifically ensures that the client may not use false evidence. This special *duty of an attorney to prevent and disclose frauds* upon the court derives from the recognition that perjury is as much a crime as tampering with witnesses or jurors by way of promises and threats, and undermines the administration of justice."

00. Thus Defendant attorneys Nathan Johnson, B.T. Gardner, John Andrew McReynolds

and Eddie Beason, and Defendant prosecutors Bryce Graham, Jr.,  Joey Rushing, Jeffrey Barksdale and Chris Howell were prohibited from lying to the court and/or permitting other Defendants from doing so, see *Olmstead v. United States*, 277 U.S. 438, 485, 48 S.Ct. 564, 72 L.Ed. 944 (1928), which decided that the ends in our system do not justify the means, and our Constitution promises due process of law.  The Courts failed their duties to look at the record and all the facts, and NOT at Defendants so-called "record" filled with actual lies and lies of omission.  Laws against fraud, perjury, omitting the facts, destruction or alteration of court records, concealment and false claims were *clearly established* at the time Defendants engaged in their RAID of 6615 Lagrange Road with an invalid warrant, their RAID of 133 Billy Boy Lane with NO WARRANT, falsely arrested Thomas SR. and Thomas JR.,  and incarcerated Thomas JR. going on 5 years without jurisdiction or due process in violation of Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986.

00.   All defendants participated in false charges and incarceration of Plaintiffs at taxpayer's expense. Each one of them submitted time cards for work that they performed - said work was fraudulent. Plaintiffs have standing to collect the whistleblower's reward under the False Claims Act.

00.   Plaintiffs request all Defendants' Answers or Replys be Verified by each individual Defendant. For this eighth cause of action, plaintiffs are each asking for thirty seven million dollars ($37,000,000.00) because Defendants acted with malice, engaged in unwarranted search and seizure, engaged in unlawful general rummaging, conducted malicious and false arrest

without probable cause, engaged in malicious prosecution without probable cause, denial of Liberty without cause, denial of First Amendment right to free speech, fraud, RICO Racketeering, and for defendants' falsifying criminal indictments.

00.   Additionally, Plaintiff Thomas SR. requests that this Court issue Orders that he be compensated $1,195,829,913.60 (One billion, one hundred ninety-five million, eight hundred twenty-nine thousand, nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12, 2019 through March 17, 2021 - a total of 764 days (2 yrs., 1 month, 5 days) = 1,100,160 minutes x $1086.96 = $1,195,829,913.60, per the precedent set in *Trevezant*.

00.   Additionally Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

00.   Additionally Plaintiff "K" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.   Additionally Plaintiff "Z" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00. Additionally Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2,644,573,680. (Two billion,six hundred forty-four million, five hundred seventy-three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12, 2019 through September 29, 2023 - a total of 1690 days (4 yrs., 7 months, 17 days) = 2,433,600 minutes x $1086.96 = $2,644,573,680., per the precedent set in *Trevezant*. Plaintiff Thomas JR. requests that this Court also issue Orders that he be compensated in accordance with the *Trevezant* decision, at a rate of $1,086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale. Plaintiff Thomas JR. further requests that this Court issue Orders that he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12, 2019, in the amount of $50,000.00

00. Additionally Plaintiff Minor Child "C" requests that this Court issue Orders that she be compensated $10,000, for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane. "C's" bedroom furniture and all her toys were never listed on ANY search warrant, therefore Defendants had NO AUTHORITY to destroy "C's" personal property.

### ELEVETH CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS, 6TH AMENDMENT, CONCEALMENT & UNJUST ENRICHMENT
**Defendants Lied by Omission When They Denied Discovery
and Concealed Other Facts In Violation of 6th Amendment Rights
VIOLATIONS OF RICO RACKETEERING, AIDING AND
ABETTING FRAUD, CIVIL CONSPIRACY, KIDNAPPING, FALSE
IMPRISONI\tiENT, EXTORTION AND CONSTRUCTIVE FRAUD, DENIAL OF
INTANGIBLE RIGHT TO HONEST SERVICES, PERJURY, CONCEALMENT,
UNJUST ENRICHMENT
Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001(perjury), 1341, 1343,
1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. §
3729 filing false claims, and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986.
against ALL DEFENDANTS**

00.   Plaintiffs allege and incorporate by reference all previous paragraphs of this Complaint.

00.   Defendants violated Title 42 U.S.C. § 1983 when they acted under color of statutes, ordinances, regulations, custom or usages of the Colbert and Franklin County Sheriffs Departments, Colbert County, Franklin County and the State of Alabama, and caused Plaintiffs to be deprived of their rights, privileges or immunities granted by the Constitution and laws of the United States of America, of Plaintiff Thomas JR.'s 6th Amendment in particular, of the State of Alabama, and protections to ensure proper government functioning in Titles 15, 18, 28, 31 and 42 U.S.C.

00.   The record shows many other lies of omission: Reports not done, investigations and tests not done, missing evidence, missing testimony, no arrest warrant, no bullet no shell casing, etc. as outlined previously. Defendants denied Thomas SR. discovery until September 29, 2021. Defendants also denied both Thomas SR. and Thomas JR. their 6th Amendment right to know the true nature of the accusations against them, particularly in Thomas JR.'s case:  Was I being warehoused in prison for profit?

00.   In April 2023, Plaintiffs learned about the Court Registration Investment System or CRIS, a prisons-for-profit scheme set up in the early 1990s in which a case (such as the case against Thomas SR., and the case against Thomas JR.) is securitized without Plaintiffs' knowledge into an account, which is pooled and traded on the stock exchange without sharing the proceeds with either Thomas SR., or Thomas JR.  Both Thomas SR. and Thomas JR. are entitled to a 1099 OID and all the proceeds with interests.  This information was also missing

from the Discovery thumb drive eventually given to Thomas SR. by Defendant Nathan Johnson on September 29, 2021. Defendants denied Plaintiffs 6th Amendment right to know the true *nature* of the accusations against them, which has raised many questions: Am I being warehoused in a prison for profit? Who is making money off me, off my name? Where is my 1099 OID Form? Isn't *identity theft* against the law? Self-dealing? Fraud? Per Plaintiffs' 6th Amendment rights, they are entitled to have Defendants disclose the following to them which Defendants failed to do:

1. Whether the alleged Court that has scheduled a case/ cause/ claim against Plaintiffs is really a court per the Constitution of the United States, instead of a tribunal operated as a private corporation. Are the courts operating illegally?

2. What about the fraud that goes on behind the scenes of these alleged criminal cases: Are they civil claims in equity? What steps are taken to securitize these civil claims and trade them on the stock exchange without giving full disclosure to the people, and without sharing the proceeds? I am hereby letting the Court know that I am opting out of any Contract and do not allow any documents regarding me or my cestui que trust to be securitized and sold to any investors, etc.

3. Plaintiffs have learned that all cases are civil, though often fraudulently called criminal. The courts are operating under trust law, assuming that I am a decedent, or dead person. This is presumed by the all upper-case spelling of Plaintiffs name, which denotes a corporate subsidiary (of the bankrupt UNITED STATES, tied to Plaintiffs via social security number, etc.) as opposed to a live person, and presumes that I am a "Defendant." After finding the alleged Defendant guilty, the court clerks sell the judgments to the Federal Courts as part of an investment system known as CRIS (Court Registry Investment System), **see EXHIBITS __ - __** copies of Orders establishing CRIS, reports, CRIS Investing. Since Plaintiff Thomas SR., and/or Plaintiff Thomas JR., the Defendants in the cases held against them, is a "decedent," the court officials consider themselves as a beneficiary. Plaintiffs have rights to have this disclosed if their identity is being used behind their back for profit.

4. When a judge asks if a person "understands," he/she is asking if the person is liable for the Bond. Neither Thomas SR. nor Thomas JR. are responsible for the Bond of the cases against them, but have the right to appoint the Judge as Trustee/Fiduciary and be the beneficiary of all proceeds.

5. The judgments are stamped with something to the effect of *Pay to the Order Of* on the back, and taken to the federal discount window. The judgment now becomes a note.

6. The notes are then pooled together and then become securities, which are yet pooled together again, and sold as Bonds. There are only 300 corporations that are allowed to buy these Bonds.

7. Said Bonds are liens against these Plaintiffs.

8. The United States Attorney's Office puts code number, NAICS (North American Identification Security Classification. Said NAICS number enables the United States Attorney's Office to trade globally all securities.

9. All U.S. federal courts are registered with the DOD (Department of Defense), where they are registered with CCR (Contractors Central Registration), under the DOD, which has another department called DLIS (Defense Logistics Information Service), which issues a cage code, which means a commercial and government entity, which everything corresponds with their bank account.

10. Said United States Attorney's Office and Courts have a Dunn's number (Dunn & Bradstreet). NOTE: All tradable Securities are assigned a CUSIP NUMBER before it can be offered to investors. Birth Certificates and Social Security Applications are converted into Government Securities; assigned a CUSIP NUMBER; grouped into lots and then are marketed as a Mutual Fund Investment. Upon maturity, the profits are moved into a GOVERNMENT CESTA QUE TRUST and if the person is still alive, the certified documents are reinvested. It is the funds contained in this CESTA QUE TRUST that the Judge, Clerk and County Prosecutor are really after or interested in. This Trust actually pays all of Plaintiffs debts but nobody told any of the Plaintiffs that, because the Elite consider those assets to be their property, and the Federal Reserve System is responsible for the management of those Investments.

11. Everything filed into court is securitized without the knowledge or consent of the people or of all parties, without their knowledge or consent, and without sharing the proceeds.

12. All criminal cases not heard in an Article III court (District Court of the United States) are really civil; however, the courts again commit fraud by labeling the case as criminal. All cases which are plead out or have a guilty conviction label the civil defendant (through unlawful conversion) as felons, when they are not. This is fraud upon the people at large, and certainly fraud upon the alleged Defendants. No wonder both Thomas SR., and now Thomas JR. is being pressured to take some sort of plea deal!!

13. The Bank Account is at Federal Reserve Bank of New York, in New York City. The Depository Agreement is signed by the Clerk of Court.

14. All securities are then deposited with the DTC in New York.

15. An Escrow Agent is used as a go-between - between the Clerk's Office and the Federal Reserve Bank of New York.

16. The securities end up being listed through the Seventh Circuit (Chicago, IL), and then sent to the DTCC, the clearinghouse, who lists the securities for trading.

---

17. All of the lawyers involved are acting as private debt collectors according to the FDCPA (Title 15 U.S.C. § 1692). The BAR Association exempts them from having to be registered as such; however, they operate through call warrants, which are like a put, or a call. Doing margin calls is where they convert a case through (similar to a Writ of Execution) use the case number to buy equity securities.

18. Everything filed into court is securitized and turned into negotiable instruments, and then turned into securities. These items are sold as commercial items, called "distress debts" (Unifund). The items are then pooled together in what is now called a Hedge Fund, where they are sold globally.

19. Anytime there is risk management involved, it is for the securities. This is an underwriting company. When the hedge funds go into the global market, they go through Luer Hermes, a bond holder and underwriting company and subdivision of Alliance SE of Munich, Germany (Pimco Bonds).

20. After 9 months, all paper is converted to a securities status. This is defined in Title 15 U.S.C. § 77(a)(b)(1) and is now considered to be an investment contract. The paper is endorsed to become a security, and the trust is then collapsed.

21. The courts have an account with the IMF (International Monetary Fund) under Interpol. The Judges involved and the U.S. Attorneys involved do not have an accessible Oath of Office, because they cover up the fact that the oath of office is between them and the IMF.

22. The U.S. Judges and U.S. Attorneys are actually employees of the IMF and have expatriated out of the United States. They are unregistered foreign agents under Title 22 U.S.C., which states all foreign agents must be registered.

23. The court judgments are deposited with the IMF. Since this case obviously involves Plaintiffs they each have a drawing right to all proceeds. See UCC § § 3-305 and 3-306. The court judgments are monopolized according to Title 16 U.S.C., which is a violation of anti-trust laws, and also unfair trade practices.

24. Indictments are True Bills, meaning they are negotiable instruments. Defendant Bryce Graham Jr., Defendant Joey Rushing, and Defendant Jeffery Barksdale failed to give Plaintiff Thomas SR., and Plaintiff Thomas Jr. a 1099 OID showing them as the recipient of the funds, which is a fraud upon these Plaintiffs. In Thomas SR,'s Colbert County case, he was never lawfully indicted or tried, but still requests a 1099 OID unless the court wishes to close this account. In Thomas JR.'s Franklin County case, he has not been lawfully indicted or tried, but still requests a 1099 OID, unless the court wishes to close this account.

25. The unlawful funds, through fraud and deception, are deposited in the Federal Reserve Bank of New York and they have not paid the tax on this income. According to the IRC, this is a § 7201 of Title 26 violation (willful failure to file with the intent to evade the tax).

26. A copy of the Depository Resolution Agreement was not made available to Plaintiff

Thomas SR., or Plaintiff Thomas JR., from the Clerk of Court. The Clerk of Court makes deposits into the Federal Reserve Bank of New York via electronic funds transfers (EFTs).

27. The Clerk has a PMIA (Private Money Investment Account), which also has a government code. According to Clerks Praxis, the Clerk of the U.S. District Court is the Registrar in Admiralty.

28. According to the IRS § 6209 Decoding Manual and the ADP (Automated Data Processing Manual), all 1099s are Class 5 gift and estate taxes. Plaintiff Thomas Sr., and Plaintiff Thomas JR. are asking for a 1099 OID in each case, as tjey are not willing to gift the court the proceeds. Plaintiff Thomas SR., and Plaintiff Thomas JR. hereby ask for the proceeds in their entirety, including interest.

29. Neither Plaintiff Thomas SR., nor Plaintiff Thomas JR. have ever pledged their rights or their body to any gifting program, including any court or court process.

30. Neither Plaintiff Thomas SR., nor Plaintiff Thomas JR. are a charitable organization. Thomas SR. and Thomas JR.demand all funds from the cases (current and past cases) be sent to them within 30 days or they will file complaints to the IRS and SEC explaining the fraud and thefts committed upon them, and issue a 1099 OID.

31. Plaintiffs demand their names and my cestui que trust names, Thomas Martin Jr./ THOMAS MARTIN JR. and Thomas Martin Sr./THOMAS MARTIN SR. be removed from any and all government databases indicating bad credit, commercial liens and/or the titles of criminal,felon and/or convicted felon to be removed immediately and permanently nunc pro tunc.

32. Plaintiffs hereby request a copy of the Depository Resolution Agreement from the Clerk of Court and a W-9 from the Judge and any U.S. Attorney involved.

33. Plaintiffs hereby notice the Court that Plaintiff Thomas SR. is the executor of the cestui que trust of THOMAS MARTIN SR. and Plaintiff Thomas JR. is the executor of the cestui que trust of THOMAS MARTIN JR. According to Title 26 § 303 & § 7701, companies, corporations, and associations and trusts are all decedents. This means Plaintiffs' all capital letter name is a legal estate. Plaintiffs' all capital letter name falls into this class. Plaintiff Thomas SR. directs all of the affairs and financial affairs of THOMAS MARTIN SR., and Plaintiff Thomas JR. directs all of the affairs and financial affairs of THOMAS MARTIN JR..

34. Plaintiffs demand the case/account against them be closed, and no further steps taken to securitize it - beginning with filing a motion to dismiss with prejudice based on lack of jurisdiction, denial of due process, false arrest, false incarceration, and deprivation of rights under color of law. Municipal corporations – legal fictions – have no standing to trespass against a living man, see *Rundle v. Del. & Raritan Canal Co.,* 55 U.S. 80, 98, 14 L. Ed. 335 (1852) deciding that as corporations are mere paper, they cannot contend with a real, living man (Thomas SR. / Thomas JR.) or his property. The STATE OF ALABAMA is not a victim or witness that can be called to the stand and testify. Lastly, Thomas JR, the living man, was never *properly* arrested. All the above makes the entire case against him void.

00. The facts are that Plaintiffs' injuries are continuous and on-going as a result of Defendants' continuing fraud, concealment, obstruction of justice, civil rights violations, federal and state violations of Plaintiffs' constitutionally protected rights, which were violated by each Defendant, who acted in concert with each other when Thomas SR. and Thomas JR. were falsely arrested, kidnapped, wrongfully incarcerated, and Defendants engaged in RAIDS of their homes, intentional vandalism and destruction of Plaintiff Thomas JR.'s single wide mobil home, furniture, equipment. Defendants even destroyed Plaintiff little girl "C's" bedroom furntiure and ALL her toys, as a result of their incarceration of Thomas JR. Thomas JR. is still incarcerated, but wouldn't be if he was not falsely arrested, kidnapped, detained/ incarcerated, as evidenced by the attachments herein, which also satisfies the *but for* test. Plaintiffs' injuries are ongoing and continuing as both Thomas SR. and Thomas JR., each an innocent man, are unable to work, their rights and freedoms taken from them by Defemdants *but for* they would have their freedoms and rights.

00. All defendants participated in false charges and jncarceration of plaintiffs at taxpayer's expense. Each one of them submitted time cards for work that they performed- said work was fraudulent. Plaintiffs have standing to collect the whistleblower's reward under the False Claims Act.

00. Plaintiffs request all Defendants' Answers or Replys be Verified by each individual Defendant. For this eighth cause of action, plaintiffs are each asking for thirty seven million dollars ($37,000,000.00) because Defendants acted with malice, engaged in unwarranted search and seizure, engaged in unlawful general rummaging, conducted malicious and false arrest

without probable cause, engaged in malicious prosecution without probable cause, denial of Liberty without cause, denial of First Amendment right to free speech, fraud, RICO Racketeering, and for defendants' falsifying criminal indictments.

00.   Additionally, Plaintiff Thomas SR. requests that this Court issue Orders that he be compensated $1,195,829,913.60 (One billion, one hundred ninety-five million, eight hundred twenty-nine thousand, nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12, 2019 through March 17, 2021 - a total of 764 days (2 yrs., 1 month, 5 days) = 1,100,160 minutes  x $1086.96 = $1,195,829,913.60, per the precedent set in *Trevezant*.

00.   Additionally Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

00.   Additionally Plaintiff "K" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.   Additionally Plaintiff "Z" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.    Additionally Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2,644,573,680. (Two billion,six hundred forty-four million, five hundred seventy-three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12, 2019 through September 29, 2023 - a total of 1690 days (4 yrs., 7 months, 17 days) = 2,433,600 minutes x $1086.96 = $2,644,573,680., per the precedent set in *Trevezant*. Plaintiff Thomas JR. requests that this Court also issue Orders that he be compensated in accordance with the *Trevezant* decision, at a rate of $1,086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale. Plaintiff Thomas JR. further requests that this Court issue Orders that he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12, 2019, in the amount of $50,000.00

00.    Additionally Plaintiff Minor Child "C" requests that this Court issue Orders that she be compensated $10,000. for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane. "C's" bedroom furniture and all her toys were never listed on ANY search warrant, therefore Defendants had NO AUTHORITY to destroy "C's" personal property.

## TWELVETH CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS, FRAUD ON THE PUBLIC
### Defendants Have Put the Entire State of Alabama at Risk
### VIOLATIONS OF RICO RACKETEERING, AIDING AND ABETTING FRAUD, FALSE CLAIMS, CIVIL CONSPIRACY, KIDNAPPING, FALSE IMPRISONl\tiENT, EXTORTION AND CONSTRUCTIVE FRAUD, DENIAL OF INTANGIBLE RIGHT TO HONEST SERVICES, PERJURY, CONCEALMENT, UNJUST ENRICHMENT
### Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001(perjury), 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729 filing false claims, and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986, against ALL DEFENDANTS

00. Plaintiffs allege and incorporate by reference all previous paragraphs of this Complaint.

00. Defendants have put the federal budget for the entire State of Alabama at risk of suspension per Title 18 U.S.C. § 666 until the D.O.J sorts out which state and local agencies directly or indirectly receiving federal funds are being used to honestly dispense justice and public services, and which ones have unclean hands and are being used for fraud, false claims, conspiracy, racketeering, and public employees' breach of their Oaths to uphold and defend the Constitution from enemies within and without. The county receives federal money, and is liable for its agents' violation of federal law pursuant to Title 18 U.S.C. § 666:

> "Whoever... being an agent of... a state, local... government, or any agency thereof-... obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner... shall be fined under this title, imprisoned not more than 10 years, or both."

00. Plaintiffs' 6th Amendment rights to Discovery will disclose whether Plaintiff Thomas JR. is being warehoused in prison for profit via Court Registration Investment System or CRIS, if his account/ case/ SS number are being traded for profit, whether he was given a 1099 OID Form, which could open Franklin and Colbert Counties to an IRS audit and disclosure to Plaintiffs of all the other forms Defendants are required to fill out, and other laws with which they must comply: PUBLIC LAW 97-258 [31 USC Section 3717] Priority of Government Claim, PUBLIC LAW 113-101 Digital Accountability and Transparency Act of 2014 PUBLIC LAW 97-248 Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA); IRS Form 990 (over 100 pages for non-profits and profits) – operating as: IRC 501(c)(4) – Social Welfare Organization: ERISA fidelity bond, section 412 acts of fraud or dishonesty (honest

services), larceny, theft, embezzlement, forgery, misappropriation; wrongful abstraction, wrongful conversion, willful misapplication and additional acts or arrangements prohibited by Title 18 U.S.C. § 1954 felonies; Title 26 U.S.C. § 61(a) prohibited – Title 26 U.S.C. § 7203 Disclose original SF 424, authorizing government agent/staff authority to act and operate by signature on May 2011 creating Ominbus/Trial Court Funding Act for cases (citation or case numbers). By law, each Defendant as a government employee is required to comply with all kinds of red tape that come with their job – the obvious one being their Oath of Office, validly filed with the Secretary of State. The lesser obvious red tape are the plethora of Forms they are required to fill out and comply with in order to directly or indirectly receive federal funds. Failure of Defendants (Government Agents/ Employees) to comply voids their federal funding, which can by yanked for filing a false claim (purporting to do duties as prescribed by law, yet using public facilities for racketeering and bribery), and opens them to be charged under RICO laws, see *Sabri v. U.S.*, (8th Cir.) May 17, 2004 and *Salinas v. United States*, 118 S.Ct. 469 (1997) articulating that Title 18 U.S.C. § 666 is clear that the federal bribery statutes extend down to the janitor in the state facility/ building whether he knows about the bribery and racketeering schemes or not. See also *South Dakota v. Dole*, 483 U.S. 203, deciding that Title 8 U.S.C. § 666 is the authority to bring federal power to bear directly on individuals who convert public spending into unearned private gain. Each public employee is required to provide these Forms (and many other Forms not listed here) to justify their duties, their acts, and to account for every penny.

00. Plaintiffs' reserve their right to report Defendants to the appropriate agencies to have the federal budget for the entire State of Alabama suspended per Title 18 U.S.C. § 666

---

until auditors sort out which state and local agencies directly or indirectly receiving federal funds are being used to honestly dispense justice and public services, and which ones are being used for fraud, false claims, conspiracy, racketeering, false arrest, and public employees' breach of their Oaths to uphold and defend the Constitution from enemies within and without.

00.   All Defendants participated in false charges and incarceration of Plaintiff Thomas SR.. and Plaintiff Thomas JR. at taxpayer's expense. Each one of them submitted time cards for work that they performed- said work was fraudulent. Plaintiffs have standing to collect the whistleblower's reward under the False Claims Act.

00.   Plaintiffs request all Defendants' Answers or Replys be Verified by each individual Defendant. For this eighth cause of action, plaintiffs are each asking for thirty seven million dollars ($37,000,000.00) because Defendants acted with malice, engaged in unwarranted search and seizure, engaged in unlawful general rummaging, conducted malicious and false arrest without probable cause, engaged in malicious prosecution without probable cause, denial of Liberty without cause, denial of First Amendment right to free speech, fraud, RICO Racketeering, and for defendants' falsifying criminal indictments.

00.   Additionally, Plaintiff Thomas SR. requests that this Court issue Orders that he be compensated $1.195.829.913.60 (One billion. one hundred ninety-five million. eight hundred twenty-nine thousand. nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12. 2019 through March 17. 2021 - a total of 764 days (2 yrs.. 1 month. 5 days) = 1.100.160 minutes  x $1086.96 = $1.195.829.913.60. per the precedent set in *Trevezant.*

00.   Additionally Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

00.   Additionally Plaintiff "K" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.   Additionally Plaintiff "Z" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.   Additionally Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2,644,573,680, (Two billion.six hundred forty-four million, five hundred seventy-three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12, 2019 through September 29, 2023 - a total of 1690 days (4 yrs., 7 months, 17 days)  = 2,433,600 minutes  x $1086.96 = $2,644,573,680., per the precedent set in *Trevezant*.  Plaintiff Thomas JR. requests that this Court also issue Orders that he be compensated in accordance with the *Trevezant* decision, at a rate of $1,086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale.  Plaintiff Thomas JR. further requests that this Court issue Orders that he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12, 2019, in the amount of $50,000.00

00.   Additionally Plaintiff Minor Child "C" requests that this Court issue Orders that she be compensated $10,000. for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane.  "C's" bedroom furniture and all her toys were never listed on ANY search warrant, therefore Defendants had NO AUTHORITY to destroy "C's" personal property.

## THIRTEENTH CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS, TREASON
### Defendants Changed Our Form of Government and Committed Treason
### VIOLATIONS OF RICO RACKETEERING, AIDING AND ABETTING FRAUD, FALSE CLAIMS,  CIVIL CONSPIRACY, KIDNAPPING, FALSE IMPRISONItiENT, EXTORTION AND CONSTRUCTIVE FRAUD,  DENIAL OF INTANGIBLE RIGHT TO HONEST SERVICES, PERJURY, CONCEALMENT, UNJUST ENRICHMENT
### Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001(perjury), 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729 filing false claims, and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986, against ALL DEFENDANTS

00.   Plaintiffs allege and incorporate by reference all previous paragraphs of this Complaint.

00.   Defendants  violated Plaintiffs'  rights, violated their sworn Oaths, violated clearly established law under color of law, aided and abetted each other to conceal each other's misdeeds of falsely arresting Thomas SR. and Thomas JR. and incarcerating Thomas JR.  for five years on hearsay without being timely arraigned, and without a speedy trial.  In doing so, Defendants have changed our form of government to a dictatorship ala North Korea in violation of their sworn Oaths, which requires all Defendants to support and defend the Constitution, NOT to use their offices and positions of public trust to take away rights and

deprive the People of protections of the U.S. Constitution, the State Constitution, and of laws enacted by Congress. Defendants are forbidden to rewrite existing law, overturn the U.S. Supreme Court and change our form of government into a dictatorship, which is why we had the American Revolution in the first place. The American Revolution was NOT Americans fighting the British, it was British fighting their own government, which had become tyrannical. Before the Revolution, the King's men would burst into homes and businesses without warrants and seize goods, property and papers on the *opinion* that these items were either untaxed or were seditious, arrest persons without due process or proof. The Preamble to the Constitution describes the same abuses occurring in today's current government, and lays out the reasons for the separation of the colonies from King George, namely, there shall be no taking of God-given rights by any man or government.

00. Plaintiffs' rights to be free from Defendants' complete disregard of their duties and oaths, complete trashing of the Alabama and U.S. Constitutions, their blatant violations of clearly established law, and changing our form of government into that of a third-world dictatorship were clearly established at the time of Defendants false arrest of Thomas SR., and Thomas JR., and Defendants incarceration of Thomas JR. for five years without due process. Laws against false arrest, prohibited opinion hearsay testimony, rewriting the law, forgery, perjury, destruction or alteration of court records, violations of RICO, false declarations before grand jury or court, intentional infliction of emotional distress, bad faith, no jurisdiction, unclean hands, concealment, obstruction of justice, violation of civil rights, no jurisdiction, unjust enrichment, discrimination, constructive fraud, aiding and abetting fraud, kidnapping, treason and false claims were *clearly established* at the time Defendants falsely arrested, kidnapped and

imprisoned Thomas SR., and Thomas JR. without jurisdiction or due process in violation of Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO); Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986.

00.   Plaintiffs have no clue as to whatever *secret* playbook Defendants operate under, except that Plaintiffs have been dealt inhuman treatment by them, which has caused irreparable harm.  An ENEMY is any person or group which gives aid or comfort to an ideology or program which destroys America's way of life, and which is counter to the goals stated in our Constitution.  Our Constitution was drafted from the Laws of God so that men could have harmony and LOVE in their lives (pursuit of happiness), and PROSPER in their communities.  These precepts made this nation the greatest on the planet – within the first 150 years America had less than 6 percent of the world's population, but produced almost half of the world's goods.  If the shoe fits: Defendants' conduct is described in criminal codes punishing treason and sedition:

> **Title 18 § 2381 Treason:**  Whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason and shall suffer death…
>
> **Title 18 § 2383 Rebellion or insurrection:**  Whoever incites, sets on foot, assists, or engages in any rebellion or insurrection against the authority of the United States or the law thereof, or gives aid or comfort thereto, shall be fined under this title or imprisoned not more than ten years, or both, and shall be incapable of holding any office…"

See also *Jackson v. United States,* 71 F. 3d 1371 (9th Cir. 1995) at n. 5, quoting:

> "5. Most civilizations have understood the wrongfulness of bribery.  Judge Noonan has traced the origins of this understanding in the West back to the prophet Ezekiel.  See John T. Noonan, Bribes (1984).  In our political culture, bribery ranks with treason as one of the only two crimes specifically mentioned in the Constitution.  See U.S. Constitution, Article II, Section 4."

**ARTICLE II EXECUTIVE DEPARTMENT** §4. [Impeachment.]
The President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors.

00.  By their conduct, Defendants failed to act to preserve constitutional rights and have committed *treason* against Plaintiffs, against the People, against their Oaths, against the Constitution, against the State, and against our country.  The facts show Defendants'conduct and acts in "a conspiracy or agreement of two or more persons to maltreat Plaintiffs" with a view of coercing Plaintiffs to relinquish their Constitutional rights is prima facie evidence a conspiracy to prevent and hinder the operation and fulfillment of laws of the United States.  "If two or more persons in any State or Territory oppose by force the authority thereof to prevent, hinder or delay the execution of any law of the United States … engage in Treason."  Persons who join a conspiracy without knowledge of its unlawful purposes make themselves parties thereto and are equally guilty with those who originate it and gave it active support with knowledge of its unlawful objective, engage in treason.  In prosecution for conspiracy to violate this section of Title 18 U. S. C. § 2381, it is no defense that particular Defendants were members of the police or the Bar or the judiciary, where they believe their shit doesn't stink.

00.  Plaintiffs rights to be free from Defendants conduct and acts demonstrating that they consistently and deliberately failed to preserve constitutional rights and owe an alliance to some other form of government or entity other than that of the United States of America and its Constitution, the State of Alabama and its Constitution and their Oaths to uphold each were clearly established at the time Plaintiffs were subjected to cruel and unusual punishment, treated like prisoners in Guantanamo Bay – treated like dirt, treated like guilty until proven innocent, and

in Thomas JR.'s case, thrown in a hole without due process to rot "until witnesses die off," like Plaintiffs were told by Thomas JR.s first defense attorney Defendant Nathan Johnson. All these, Plaintiffs rights, were *clearly established* at the time Defendants falsely arrested, kidnapped and imprisoned Thomas SR., and Thomas JR. without jurisdiction or due process in violation of the 8th Amendment, Title 15 U.S.C. §§ 1-7; Title 18 U.S.C. §§ 2, 3, 4, 241, 242, 666, 1001, 1341, 1343, 1621, 1622, 1623, 1951-1964 (RICO), 2381, 2383; Title 28 U.S.C. § 1343(a)(1)(2)(3)(4); Title 31 U.S.C. § 3729; and Title 42 U.S.C. §§ 1981, 1983, 1985(c), 1986.

00. All Defendants participated in false charges and incarceration of Plaintiff Thomas SR., and Plaintiff Thomas JR. at taxpayer's expense. Each one of them submitted time cards for work that they performed- said work was fraudulent. Plaintiffs have standing to collect the whistleblower's reward under the False Claims Act.

00. Plaintiffs request all Defendants' Answers or Replys be Verified by each individual Defendant. For this eighth cause of action, plaintiffs are each asking for thirty seven million dollars ($37,000,000.00) because Defendants acted with malice, engaged in unwarranted search and seizure, engaged in unlawful general rummaging, conducted malicious and false arrest without probable cause, engaged in malicious prosecution without probable cause, denial of Liberty without cause, denial of First Amendment right to free speech, fraud, RICO Racketeering, and for defendants' falsifying criminal indictments.

00. Additionally, Plaintiff Thomas SR. requests that this Court issue Orders that he be compensated $1,195,829,913.60 (One billion, one hundred ninety-five million, eight hundred twenty-nine thousand, nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12, 2019 through March 17, 2021 - a total of 764 days (2 yrs., 1 month,

5 days)  = 1,100.160 minutes  x $1086.96 = $1,195,829,913.60, per the precedent set in *Trevezant*.

00.  Additionally Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

00.  Additionally Plaintiff "K" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.  Additionally Plaintiff "Z" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

00.  Additionally Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2,644,573,680. (Two billion,six hundred forty-four million, five hundred seventy-three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12, 2019 through September 29, 2023 -  a total of 1690 days (4 yrs., 7 months, 17 days)  = 2,433,600 minutes  x $1086.96 = $2,644,573,680., per the precedent set in *Trevezant*.  Plaintiff Thomas JR. requests that this Court also issue Orders that he be compensated in accordance with the *Trevezant* decision, at a rate of $1,086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale.  Plaintiff Thomas JR. further requests that this Court issue Orders that

he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12, 2019, in the amount of $50,000.00

00. Additionally Plaintiff Minor Child "C" requests that this Court issue Orders that she be compensated $10,000. for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane. "C's" bedroom furniture and all her toys were never listed on ANY search warrant, therefore Defendants had NO AUTHORITY to destroy "C's" personal property.

### ***But For* Test**

00. The facts show that each and every Defendant demonstrated a custom, policy and practice of Fourth, Eighth and Fourteenth Amendment violations, have demonstrated a deliberate indifference to Plaintiffs and their rights, and acted in concert with each other under color of law. *But for* each Defendant's egregious conduct and violations of clearly established law, Plaintiffs Thomas SR., and Thomas JR. would not have been falsely arrested, Plaintiff Thomas JR. would not have been kept (warehoused) for nine months without arraignment, Plaintiffs would not have been denied discovery until *some* material was released via a thumb-drive on September 29, 2021, and Plaintiff Thomas JR. would not have been imprisoned for 5 years without a trial, with his rights, his freedoms, his ability to work, his reputation, and his family taken from him by Defendants. Plaintiffs would also not have been subjected to invalid and unlawful RAIDS of their homes, being terrorized, abused, and held against their wills, and little girl "C" would NOT have had her bedroom furniture and ALL her toys destroyed by Defendants.. *But for* the egregious conduct of Defendants, both Plaintiff Thomas SR. and Plaintiff Thomas JR. would still have good paying jobs, a good reputation and a family.

Plaintiffs would have good standing in the community, the once thriving roofing business would not have lost all its lucrative contracts, and Plaintiff Thomas JR. and Plaintiff Martin Minor Child "C" would have enjoyed the past five years of "C's" growing up. This, Plaintiffs' Complaint against Defendants, passes the *but for* test with flying colors, is undisputable and ripe for settlement.

## PLAINTIFFS' DISABILITY

00.    Plaintiffs request that this Court take notice that Defendants' false statements, false arrest, false processes, conspiracy and obstruction of justice for each other and concealment have been designed, and are designed to place Plaintiffs at a <u>legal disability</u>. So Plaintiffs, especially Thomas JR., are claiming **<u>handicapped status</u>** per Title 29 U.S.C. § 706(8)(a), and charge accusers in state court with breaching Title 29 U.S.C. § 701(C)(2) the Policy for the <u>rights of the handicapped</u>, since the government is obligated in Title 42 U.S.C. Ch. 126 § 12182(2)(A)(iv) to make efforts to eliminate communication barriers that hinder the handicapped such as Thomas JR. by providing him with effective assistance of counsel, discovery, speedy arraignment, full disclosure, speedy trail, and trial by jury. Defendants have denied clarifying the organizational structure of the state court and judiciary, have hindered and denied Thomas SR. and Thomas JR. any forum to verify the standing of their accusers, hindered their ability to discover what kind of court they have been and/or are in, have denied Plaintiffs' 6th Amendment right to know the true *nature* and cause of the action against them, and have failed to sanction *whoever* submits a forged or perjured document, breaches their Oath, causes constitutional deprivations to another, lies, threatens, breaks down doors, smashes and destroys little children's toys, kidnaps and throws an innocent man in prison without due

process. and denied him effective assistance of counsel.

## CONCLUSION

00.    Plaintiffs' Comlaint clearly shows all the elements to sustain a § 1983 claim against Defendants as follows:

Plaintiffs possessed constitutional rights and other protections under law of which they were deprived; the acts or omissions of the Defendants were intentional; the Defendants acted under color of law; and the acts or omissions of the Defendants caused the constitutional deprivations.

00.    Plaintiffs claims and the record clearly shows all the elements to establish municipal liability:

Plaintiffs possessed constitutional rights and other protections under law of which they was deprived; the municipality (city, county, state) had a policy or custom; this policy or custom amounts to deliberate indifference to Plaintiffs constitutional rights, and the policy or custom caused the constitutional deprivations.

00.    Plaintiffs Complaint clearly establishes that Defendants denied Plaintiffs their rights including their intangible right to honest services. Plaintiffs have, and there is a constitutional right to have, police services administered in a nondiscriminatory manner – a right that is violated when a state actor denies such protection to disfavored persons, see *Navarro v. Block,* 72 F.3d 712, 715-17 (9th Cir. 1996), recognizing a cause of action under § 1983 based upon the discriminatory denial of police services; and *Penrod v. Zavaras,* 94 F.3d 1399, 1406 (10th Cir. 1996), which decided that "[a]n equal protection violation occurs when the government treats someone differently [from] another who is similarly situated." The

---

Verified Complaint for Damages                                          pg. 116 of 121

constitutional deprivations in this matter was the denial of equal police protection to Plaintiffs and denial of proper police procedures.

00.   In each of the above cases, the courts treated the deprivation of a constitutional right as an injury.  See *Monell v. Dept. of Social Services*, 435 U.S. 658, 690 (1978), 436 U.S. at 692, holding that a § 1983 claim "plainly imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights..." See also *City of Canton v. Harris,* 489 U.S. 378 (1989) at 385, stating that "our first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." See also *Harris v. City of Roseburg,* 664 F.2d 1121 (9th Cir. 1981) at 1125, holding that "[l]iability under § 1983 can be established by showing that the defendants either personally participated in a deprivation of the plaintiff's rights, or caused such a deprivation to occur."

00.   The facts and record show that Plaintiffs were deprived of their rights under color by Defendants who either personally participated in the deprivation of their rights, caused the deprivations to occur, or who knew about the deprivations, had knowledge and ability to prevent, but who sat idly by and allowed the deprivations to occur.

00.   This Claim for Damages is ripe for settlement, and is based on the unopposed facts stated herein of this occurrence and the attached EXHIBITS.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiffs pray for judgment against all Defendants. jointly and severally as follows:

1. As to ALL CAUSES OF ACTION: Plaintiffs seeks general, compensatory and special damages for emotional distress, nervous and emotional breakdown, physical and general damages;

2. Prejudgment interest at the legal rate;

3. That this Comi issue a judgment that all Defendants' acts and practices described herein violated plaintiff's unalienable rights, and violated Title 42 U.S.C. §§ 1981, 1983, 1985, 1986 and put in harms way as herein stated

4. That tllis Court order Plaintiff to be compensated $300,000.00 per day for each day he was incarcerated in all of the county jails and each state prison.

5. That this Court issue an Order:

(1) For treble damages pursuant to civil rights violations TWe 42 U.S.C. § 1983, 18 U.S.C. §§ 241, 242, 1951-1962,

(2) For treble damages pursuant to Title 18 U.S.C. § 1964(c) of RICO, such amounts to be shown by proof at trial;

(3) For punitive damages on the first, second third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelveth and thirteenth causes of action, ·

( 4) For compensatory damages in the amount of one hundred million dollars ($1 0,000,000.00) per month for each month plaintiffs Thomas Sr. and Thomas Jr. were denied liberty and/or falsely imprisoned per title 42 U.S.C. §§ 1983, Title 18 U.S.C. §§ 241,242, and for violation of plaintiff's unalienable rights secured by the 1st and, 14th Amendments of the U.S. Constitution.

(5) For **thirty seven million dollars ($37,000,000.00) for each cause of action;** .

(6) **Plaintiff** Thomas SR. requests that this Court issue Orders that he be compensated $1,195,829,913.60 (One billion, one hundred ninety-five million, eight hundred twenty-nine thousand, nine hundred thirteen dollars and sixty cents) for the denial of his Liberty from February 12, 2019 through March 17, 2021 - a total of 764 days (2 yrs., 1 month, 5 days) = 1,100,160 minutes x $1086.96 = $1,195,829,913.60, per the precedent set in *Trevezant*.

(7) Plaintiff Jennifer Vandiver requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019.

(8) Plaintiff "K" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

(9) Plaintiff "Z" requests that this Court issue Orders that she be compensated $130,435.20 (One hunred thirty thousand, four hundred thirty-five dollars and twenty cents) per the precedent set in Trevezant, for Defendants' denial of her Liberty for over 120 minutes, on February 12, 2019, for Defendants' denial of her Liberty on February 12, 2019.

(10) Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated $2,644,573,680. (Two billion,six hundred forty-four million, five hundred seventy-three thousand, six hundred eighty dollars.) for the denial of his Liberty from February 12, 2019 through September 29, 2023 - a total of 1690 days (4 yrs., 7 months, 17 days) = 2,433,600 minutes x $1086.96 = $2,644,573,680., per the precedent set in *Trevezant*.

(11) Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated in accordance with the *Trevezant* decision. at a rate of $1.086.96 per minute for each minute he is forced to remain incarcerated by Defendant Jeffery Barksdale. from the filing date of this Complaint - September 29, 2023.

(12) Plaintiff Thomas JR. requests that this Court issue Orders that he be compensated for the vandalism and physical damages which Defendants committed to his single wide mobile home and property on February 12. 2019, in the amount of $50,000.00

(13) Plaintiff Minor Child "C" requests that this Court issue Orders that she becompensated $10,000. for the total destruction and ruination of her bedroom furniture and all her toys during the WARRANTLESS RAID of her home at 133 Billy Boy Lane. "

(14) For punitive damages for plaintiff's being subjected to false charges. kidnapping, discrimination. false imprisonment. bad faith. hate crimes and civil rights violations, '

(15) For costs of bringing this action including reasonable attorney's fees and expert witness fees.

(16) Plaintiff is requesting leave to amend this complaint.

(17) Plaintiff is requesting a jury trial. and

(18) Requests that the court grant such other and further relief as may be and proper.

## VERIFICATION

I am the Plaintiff in the above-entitled action. I have read the Complaint and know the contents thereof. The same is true and based on my knowledge and/or participation in the events and matters stated therein, except, as to those matters stated on information and belief, and as to those matters, I believe them to be true and correct.

I declare under penalty of petjury under the laws of the State of Alabama that the foregoing is true and correct, to the best of my knowledge.

DATED: _9 - 2 8 - 2 3_ _____ _____

Thomas Martin, Sr.